(77 South. 23)

· CREW v. BUCKEYE COTTON OIL CO.
(5 Div. 676.)

(Supreme Court of Alabama. Nov. 15, 1917.)

APPEAL AND ERROR ⬸1029—HARMLESS ERROR—LACK OF DEFENSE.

Where defendant conceded making the note sued on, and failed to establish his counterclaim for alleged commissions due from plaintiff because not proving the amount of goods shipped, any errors during the trial which resulted in a judgment for plaintiff are harmless, since the evidence established neither a defense nor counterclaim.

Appeal from Circuit Court, Coosa County; S. L. Brewer, Judge.

Action by the Buckeye Cotton Oil Company against R. H. Crew. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

George A. Sorrell, of Alexander City, for appellant. Felix L. Smith, of Rockford, for appellee.

MAYFIELD, J. Appellee sued appellant on a promissory note. The trial was had on the general issue and a special plea of set-off. This plea, omitting formal parts, was as follows:

"The plaintiff was indebted to him in the sum of $900, as commissions on cotton seed shipped from Goodwater, Ala., to Birmingham, Ala., and shipped to plaintiff, which amount was due defendant on the 1st day of December, and which amount is now due and unpaid, and which he hereby offers to set off against the demand of the plaintiff, and he claims judgment for the excess."

The trial resulted in a judgment for the plaintiff, and the defendant appeals.

If there were apparent on this record any errors of which complaint and insistence is made, the judgment would nevertheless have to be affirmed, because it is made to affirmatively appear that no injury resulted therefrom. The note sued on was introduced in evidence, and no defense whatever was offered—such as, that it was not validly executed, or that it was paid. There was no proof whatever as to any amount for which plaintiff· was indebted to defendant, as for commissions on cotton seed shipped to plaintiff as alleged in the plea or otherwise. In fact, there was no proof as to how much cotton seed, if any, was ever shipped, as for which any commissions were allowable or agreed to be paid. The record shows that the whole trial was had upon the theory that there was a contract between the parties by which plaintiff agreed to pay defendant a commission for cotton seed shipped by defendant to plaintiff, and that plaintiff breached this contract, not by a failure to pay the commissions as for seed shipped under it, as alleged in the plea, but by declining to recognize it as a contract with defendant, maintaining that the contract was one with a certain partnership of which defendant was a member, and which was dissolved by defendant's selling his interest therein before the contract was ever executed. The only disputed questions of fact were whether the defendant individually was a party to this contract, or whether the contract was with a partnership of which he was a member, and whether he sold his interest in the partnership and the contract before performance of the contract, and as to whether or not a new contract was thereafter made, in lieu of the first contract. Each of these questions was disputed, and the jury could have found either way; but if found either way, no ·data whatever was furnished, which would have enabled the jury to ascertain or fix any amount of damages which the defendant would be entitled to set ·off against the amount due plaintiff on the note sued on. If a breach of this contract generally had been pleaded, as a set-off or recoupment, no data whatever was furnished by which the jury could have ascertained the amount of damages. No such breach, however, was pleaded. As before stated, the plea only claimed as for commissions on cotton seed shipped by defendant to plaintiff, and the contract would have been evidence as to the amount due if there had been any proof as to how much seed· was so shipped under the contract; but there is no evidence that .shipments were ever made, must less evidence of any particular quantity, if any, or evidence as to what the price was, if any seed was purchased or sold. And no data whatever appears as to how much commission, if any, was due. Hence there was offered no proof whatever which would have constituted a defense under the issues, and no injury ,could possibly have resulted to the defendant.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⬸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes