(112 So. 128)

**NELSON et al. v. AYERS.    (7 Div. 718.)**

(Supreme Court of Alabama.    March 31, 1927.)

**1. Frauds, statute of ⬪106(2)—Failure to prescribe security for deferred payments does not render land contract unenforceable under statute (Code 1923, § 8034, subd. 5).**

Failure to prescribe security for deferred payments does not render a land contract unenforceable for uncertainty under Code 1923, § 8034, subd. 5, as no security will be presumed to be intended other than that established by operation of law as vendor's lien.

**2. Frauds, statute of ⬪106(2)—Failure to state interest-commencing dates held not uncertainty within statute precluding enforcement (Code 1923, § 8034, subd. 5).**

Failure to state whether deferred payments should bear interest from date of maturity does not render a land contract, providing "balance in 1, 2, and 3 years at 6 per cent. per annum," unenforceable as uncertain within Code 1923, § 8034, subd. 5, as deferred payments will be held to bear interest from date of execution of deed.

---

**3. Frauds, statute of** ⬅️106(2)—Land contract provision for deferred payment in "1, 2, and 3 years" held to intend equal installments and not unenforceable as uncertain within statute (Code 1923, § 8034, subd. 5).

Land contract providing for payment of "balance in 1, 2, and 3 years at 6 per cent. per annum," is not unenforceable for uncertainty in terms of payment, within statute of frauds (Code 1923, § 8034, subd. 5), as these words will be construed to intend an equal division of deferred payments.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Bill for specific performance of a contract by H. M. Ayers against W. J. Nelson and J. B. Hubert. From a decree overruling demurrer to the bill, defendants appeal. Affirmed.

The contract involved is as follows:

"Memorandum of Sale of Real Estate.

"H. M. Ayers agrees to buy, W. J. Nelson and J. B. Hubert agrees to sell lot 2, B 1, on east side of Noble between 10th & 11th St., being No. 1005 occupied by Boutwell Mercantile Co. in Anniston, Calhoun Co. Ala. Consideration $21,000.00. Terms $6,000.00 cash balance in one, two and 3 years at 6 % per annum. Warranty deed to be delivered within 60 days. Possession given on delivery of deed. We agree to the foregoing and to pay 5% commission for selling. This 9th day of November, 1925. H. M. Ayers, Buyer.
"J. B. Hubert, Seller.
"W. J. Nelson, Seller.
"A. J. Goodwin & Co., Real Estate and Insurance."

Willett & Willett, of Anniston, for appellants.

The memorandum is not a complete contract. It is silent on the question of security, the division of the installments to be paid, and the time from which interest is to run. Such a contract cannot be specifically enforced. Derrick v. Monette, 73 Ala. 75; Nelson v. Shelby Mfg. Co., 96 Ala. 515, 11 So. 695, 38 Am. St. Rep. 116.

Knox, Acker, Sterne & Liles of Anniston, for appellee.

A provision for security is not an essential to a complete contract. All that is necessary to the contract is the names of the parties, the subject-matter, the consideration, and the promise. The contract here contains all these elements. Jenkins v. Harrison, 66 Ala. 345; Matthews v. Bartee, 209 Ala. 25, 95 So. 289. The provision for deferred payment is sufficiently definite. Bobcock v. Ayers, 27 Ont. 47; Dillard v. Propst, 212 Ala. 664, 103 So. 863. Authorities cited by appellant are inapt.

GARDNER, J. This appeal is from the decree overruling a demurrer to appellee's bill, seeking specific performance of a contract for the sale of certain real estate therein specifically described, situated in the city of Anniston. The contract was in writing, in memorandum form.

[1] It is not questioned that this contract sufficiently describes the property, the parties, and the consideration to be paid, but it is insisted that its terms are too indefinite and uncertain to meet the requirements of our statute of frauds. Section 8034, subd. 5, Code 1923; Nelson v. Shelby Mfg. Co., 96 Ala. 515, 11 So. 695, 38 Am. St. Rep. 116; Derrick v. Monette, 73 Ala. 75; Jenkins v. Harrison, 66 Ala. 345; Alba v. Strong, 94 Ala. 163, 10 So. 242; Matthews v. Bartee, 209 Ala. 25, 95 So. 289.

The insistence that the contract is indefinite, in that it fails to state what security the vendors are to have for deferred payments, is without merit. The matter of security not being mentioned in the contract, none will be presumed to be included or intended other than that established by operation of law as the vendor's lien. Like argument was evidently advanced in Matthews v. Bartee, supra, where the court said: "There is no prescription in the writing that the vendee should secure the balance * * * by mortgage."

[2] We are persuaded the other objection to the validity of the contract, that it fails to show whether the deferred payments are to be divided into equal payments or bear interest from date of maturity, is likewise without merit. As to the matter of interest a very similar provision is found in the contract set out in Matthews v. Bartee, supra, and the contract was held valid and enforceable. The deferred payments were clearly intended to bear interest at 6 per cent. per annum from date of the closing of the transaction, the execution of the deed.

[3] We are also persuaded the language as to these deferred payments, "balance in one, two, and three years at 6 per cent. per annum," is to be construed as meaning an equal division thereof. Upon consideration of a conveyance of land to grantees jointly, without expressing the interest of each, the law raises the presumption, without proof, that they are equally interested. Dillard v. Propst, 212 Ala. 664, 103 So. 863. Like considerations lead to a construction of the above-quoted language as intending an equal division of these deferred payments. A similar question arose in Babcock v. Ayers, 27 Ont. Rep. 47, where it was held that a promise to pay a sum in "three annual installments" is equivalent to "three equal annual installments." Such is the natural, logical meaning of the language used, and we are of the opinion the contract is not invalid for uncertainty or that it leaves an essential term for future treaty.

We have read and carefully considered the

cases of Derrick v. Monette and Nelson v. Shelby Mfg. Co., supra, relied upon by counsel for appellants, but the contracts there considered differed materially from that here presented, and these authorities are readily distinguishable.

The conclusion is reached that the decree of the court below, overruling the demurrer to the bill, is free from error, and will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.