(116 So. 681)

KING v. SCOTT. (6 Div. 68.)

Supreme Court of Alabama. March 29, 1928.

Rehearing Denied May 17, 1928.

1. Appeal and error ⬅2—Appeal from ruling on new trial is statutory, and statute relative to motions in writing on appeal is not applicable thereto (Code 1923, §§ 6088, 9459).

The right to appeal from action of the trial court on motion for a new trial is of statutory origin, being within the terms of Code 1923, § 6088, and the provisions of section 9459 relative to motions made in writing on appeal, being part of record, are not applicable to motions for new trial.

2. Appeal and error ⬅222—Determination, on merits, of motion for new trial without objection to court's authority to hear same because of record's failure to show order of continuance is waiver thereof, barring complaint on appeal.

Motion for new trial, heard and determined on its merits, without objection or insistence that the court was without authority to hear same because of failure of record to show an order of continuance, is a waiver thereof by party against whom ruling was made and cannot be insisted on for first time in Supreme Court.

3. Appeal and error ⬅933(1)—Record must be construed against appellant, on appeal from order granting new trial.

The record must be construed against the appellant appealing from court's order granting appellee's motion for a new trial.

4. Appeal and error ⬅901—Burden is on appellant to show error and that it was prejudicial.

The burden is on the appellant to show error complained of, and, if error, that it was prejudicial.

5. Appeal and error ⬅907(3), 928(3)—In absence of bill of exceptions, presumption is there was no prejudicial error as to evidence or giving and refusal of charges.

It will be presumed, on appeal, in absence of a bill of exceptions, that there was no prejudi-

cial error as to the evidence or as to the giving and refusal of charges requested.

**6. Appeal and error** ⬧⟹544(3)—**In absence of bill of exceptions, court can consider only assignments of error based on rulings shown by record proper.**

In the absence of bill of exceptions, the court, on appeal, can consider only assignments of error based on the rulings shown by the record proper.

**7. Vendor and purchaser** ⬧⟹1—**Necessary elements of written land contract are parties, subject-matter definite or that can be made definite, consideration indicated in writing, and promises to buy and to sell.**

The necessary elements of written contract for purchase of real estate are the parties to be bound, the subject-matter embraced in contract in such way that it may be made definite, consideration sufficiently indicated in the writing, and promises to sell and buy.

**8. Contracts** ⬧⟹10(5)—**To make land contract enforceable, parties must be bound by its terms.**

To make contract for purchase and sale of real estate enforceable, respective parties must be bound by its terms.

**9. Vendor and purchaser** ⬧⟹46—**Written contract for sale of realty will be construed in light of circumstances and objects, doubt being resolved against vendor who framed and executed agreement.**

In written contract for sale and purchase of real estate, writing will be construed in light of circumstances and objects of parties, and doubt within language of the contract will be resolved against vendor who gave, framed, and executed the agreement.

**10. Contracts** ⬧⟹170(1)—**Party's construction of contract, within its written terms, will be adopted by courts, within statutes and rules of construction applicable.**

Party's construction of contract, within its written terms, will be adopted by courts, within statutes and rules of construction applicable.

**11. Vendor and purchaser** ⬧⟹22—**Description must be definite and certain, or such as can be rendered definite and certain.**

Description of real estate in land sale contract must be definite and certain or the language must be such as to make it possible to render it definite and certain.

**12. Evidence** ⬧⟹10(2)—**To construe land description in written contract, Supreme Court would take judicial notice that city named, wherein lot was situated, existed at certain place.**

In order to aid in the construction of a contract for the purchase and sale of real estate, wherein lot was described as "lot 18, block 43, Corey," Supreme Court, on appeal, would take judicial notice that there was such a city or village and as to location thereof.

**13. Vendor and purchaser** ⬧⟹22—**Plat or subdivision of former municipality, nonexistent at time of suit, could be resorted to by court in aid of description employed in land contract.**

Plat or subdivision of former municipality, which municipality was nonexistent at time of suit, could be resorted to by court in aid of description employed in land sale contract.

**14. Vendor and purchaser** ⬧⟹198—**That vendor was to pay "taxes for current tax year," and that those taxes were "to be prorated," held to mean taxes not then accrued for current tax year were to be prorated.**

Though there was a latent ambiguity in contract relative to payment of taxes on property purchased, *held*, that provision that vendor was to pay taxes for the "current tax year," and that those taxes were "to be prorated" meant taxes not then accrued for such current tax year were to be prorated.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Current Year.]

**15. Vendor and purchaser** ⬧⟹75—**Contract stipulation that trade be closed within 30 days or as soon as merchantable title could be effected meant within reasonable time after 30 days from furnishing required abstract.**

In contract for sale and purchase of real estate, a stipulation that the trade be closed within 30 days or as soon as merchantable title could be effected meant closing within a reasonable time after the expiration of 30 days from the furnishing of required abstract of title.

**16. Vendor and purchaser** ⬧⟹254(4)—**Law implies payment due on installment land contract is secured by vendor's lien.**

The law implies that payment due on an installment contract for the purchase of real estate is secured by vendor's lien.

**17. Vendor and purchaser** ⬧⟹172—**Interest rate on deferred land payments is 8 per cent. unless otherwise stipulated within statute (Code 1923, § 8563).**

The interest rate on deferred payments for real estate purchased on installments is 8 per cent., because of Code 1923, § 8563, unless otherwise stipulated within the statute.

**18. Vendor and purchaser** ⬧⟹172—**Interest date for deferred payments, where payments were $100 down, $900 on delivery of deed, and $7,000 thereafter, began when $900 was paid and deed delivered (Code 1923, §§ 8564, 8566).**

Where contract was entered into for sale of real estate for $100 down, $900 on delivery of deed, and $7,000 in five equal installments, interest date on deferred payments began, in view of Code 1923, §§ 8564, 8566, when the $900 was paid and the deed delivered.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

---

⬧⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action for damages for breach of contract by J. J. Scott against Robert King. From a judgment granting plaintiff's motion for a new trial, defendant appeals. Affirmed.

Harsh & Harsh, of Birmingham, and Goodwyn & Ross, of Bessemer, for appellant.

A contract void under the statute of frauds will not support an action for damages or a bill in equity. Ala. M. L. Co. v. Jackson, 121 Ala. 172, 25 So. 709, 77 Am. St. Rep. 46; Wood v. Braswell, 207 Ala. 343, 92 So. 551; Nelson v. Shelby Mfg. Co., 96 Ala. 516, 11 So. 695, 38 Am. St. Rep. 116. A contract so uncertain in respect of its subject-matter that it neither identifies the thing by describing it nor furnishes data by which certainty of identification can be obtained is void in law and equity. Alba v. Strong, 94 Ala. 165, 10 So. 242; Brown v. Roberson, 214 Ala. 19, 106 So. 181; Ezzell v. Holland Stave Co., 210 Ala. 694, 99 So. 78. A contract which does not set out the terms with certainty is void. Nelson v. Shelby Mfg. Co., supra; Carroll v. Powell, 48 Ala. 303. The motion for new trial was beyond the power of the court to act on when judgment granting new trial was entered. Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 642. No bill of exceptions was necessary. Code 1923, § 9459.

Huey & Welch, of Bessemer, for appellee.

The motion was made within 30 days after the verdict and judgment, and was regularly passed and kept alive until disposed of. Appellant cannot complain of anything with reference to the continuance, consideration, and passing on the motion; being present and participating therein without objection waived any irregularity. Acts 1919, p. 62; Lewis v. Martin, 210 Ala. 410, 98 So. 635; B. R. L. & P. Co. v. Hinton, 146 Ala. 273, 40 So. 988; McCarver v. Herzberg, 135 Ala. 542, 33 So. 486; Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641. A bill of exceptions is indispensable to an appeal from a decision on motion for new trial. Code 1923, § 6988. Rulings on pleadings, in absence of a bill of exceptions, when the appeal is from an order granting a new trial, if error, will be presumed to be without injury. Rule 45, Supreme Court; De Kalb County v. McClain, 201 Ala. 565, 78 So. 961; Ala. Red Cedar Co. v. Tenn. Valley Bank, 200 Ala. 622, 76 So. 980; Crew v. Buckeye C. O. Co., 200 Ala. 649, 77 So. 23; Harrell v. Hooks, 16 Ala. App. 571, 80 So. 145; Black v. Sloss Co., 202 Ala. 506, 80 So. 794. The contract sued on was for the sale of land; was between the proposed vendor and purchaser; it was definite as to subject-matter; and the breach of such a contract affords the other party to the contract a cause of action. Greenberg v. Ray, 214 Ala. 481, 108 So. 385; Crickenberger v. Clay, 215 Ala. 67, 109 So. 363; Stanley v. Anthony Farms (Fla.) 112 So. 57.

217 ALA.—33

THOMAS, J. The security for costs of the appeal recites that it is taken from the judgment of the court granting the motion for a new trial to plaintiff, and the citation of appeal is to like effect. There is no bill of exceptions to elucidate the issues before the court and the action on the motion in granting a new trial to plaintiff.

[1] The right to appeal from the action of the trial court on the motion for a new trial is of statutory origin (section 6088, Code [Gen. Acts Sept. 22, 1915, p. 722]) and subject to the reasonable limitations and presumptions declared thereof. The apparent conflict with section 9459, Act Sept. 18, 1915, p. 598, of the Code, has been differentiated by this court. Britton v. State, 15 Ala. App. 584, 74 So. 721; Central of Ga. Ry. v. Wilson, 215 Ala. 612, 619, 111 So. 901; Newell Contracting Co. v. Glenn, 214 Ala. 282, 107 So. 801; Ex parte Grace, 213 Ala. 550, 105 So. 707; Pacific Fire Ins. Co. v. Burnett, 212 Ala. 287, 102 So. 214; Ex parte Gay, 213 Ala. 5, 104 So. 898; Akin v. Chancy Bros. Hardware & Furn. Co., 207 Ala. 523, 93 So. 408; Stover v. State, 204 Ala. 311, 85 So. 393; Grand Bay Co. v. Simpson, 202 Ala. 606, 81 So. 548. The former statute was the last enunciation of the legislative department on the subject. Powell v. Folmar, 201 Ala. 271, 78 So. 47. The provisions of section 9459 do not apply to motions for new trials. Mitchell v. State, 15 Ala. App. 109, 72 So. 507; Martin v. State, 216 Ala. 160, 113 So. 602; B. R. L. & P. Co. v. Hinton, 146 Ala. 273, 40 So. 988; Lewis v. Martin, 210 Ala. 401, 410, 98 So. 635; Shipp v. Shelton, 193 Ala. 658, 663, 69 So. 102, and authorities; McCarver v. Doe ex dem. Herzberg, 135 Ala. 542, 33 So. 486.

[2, 3] It is further declared by this court that a motion for a new trial, heard and determined on its merits, without objection or insistence that the court was without authority to hear the same because of the failure of the record to show an order of continuance, is a waiver by the party against whom the ruling was made, and cannot be insisted upon for the first time in this court. Hollingsworth v. Miller, 212 Ala. 187, 101 So. 881; Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641. The action of the trial court in granting the motion for a new trial (to which appellant excepted), such complainant—appellant—if he waived, in the lower court the objection now sought to be made, that said court was without jurisdiction to carry the case on submission beyond the thirty-day period within the same term and to grant the same, if well taken, would not prevent the consideration on the merits. He cannot for the first time be heard to complain of the proceedings acquiesced and participated in by him to the time of and when the judgment was rendered against him. Construed against defendant, as the record must be construed, it is appar-

ent that appellant presented and participated in the proceedings and hearings at the time the motion was submitted; and on June 4th, the date the same was heard and granted, the last clause in the order recites his exception. That is to say, in the court, in its logical sequence the question first presented is the jurisdiction of the court to act when it did in the premises. If the minutes of the court show that the court was without jurisdiction when the new trial was granted, was the same waived by the party against whom the new trial was granted? The motion was made on February 25, 1927, presented to the court and passed to March 5th, and on said date it was passed to March 12, 1927, when it was "submitted on citation of authority" for decision. This was within the term, and, as for that, within 30 days from judgment. The motion was granted, the verdict of the jury set aside, and a new trial granted on June 4, 1927. The appeal from said ruling on the motion was taken on June 24th. It is then without question that the matter was within the breast of the court from and after March 12th to the date of the decision, and it appears no other order of the court was made than as we have indicated. The motion was regularly passed, in the first instance, to the date of submission.

[4-6] The burden is upon appellant to show error in the action of the court complained of, and, if error, that it was prejudicial. It will be presumed on appeal, in the absence of a bill of exceptions, that there was no prejudicial error as to the evidence, or as to the giving and refusal of charges requested. Ala. Red Cedar Co. v. Tenn. Valley Bank, 200 Ala. 622, 623, 76 So. 980; Crew v. Buckeye Cotton Oil Co., 200 Ala. 649, 77 So. 23; Black v. Sloss-Sheffield S. & I. Co., 202 Ala. 506, 80 So. 794; Ala. F. & I. Co. v. Ala. Fidelity & Casualty Co., 197 Ala. 669, 73 So. 374. And in the present state of the record proper and assignments of error, we can only consider the assignments of error based upon rulings presented by the record proper. Sov. Camp. W. O. W. v. Ward, 201 Ala. 446, 78 So. 824. And, as to this, the assignment is the overruling of demurrer of "defendant to plaintiff's complaint"—meaning by this, we take it, to the several counts thereof to which demurrer was addressed.

[7] The several counts of the complaint declared for the breach of a contract for the sale of land. The contract sued on is averred in form and substance, respectively, between the vendor and purchaser, and was specific as to the subject-matter, or may be made definite within the rule (Sadler v. Radcliff, 215 Ala. 499, 111 So. 231) and we shall see that the averred contract price was sufficiently indicated to support a suit for the breach thereof (Greenberg v. Ray, 214 Ala. 481, 108 So. 385; Baker v. Howison, 213 Ala. 41, 104 So. 239). The necessary elements of the contract are stated, viz. (1) the parties to be bound; (2) the subject-matter embraced in the contract in such way that may (within the rule of shadings of ambiguity) be made definite; (3) the consideration sufficiently indicated in the writing; (4) and the promises to sell and buy are shown (Nelson v. Ayres, 215 Ala. 596, 112 So. 128), and that it was not unilateral (Vinson v. Little Bear Sawmills, 216 Ala. 441, 113 So. 385), and not a mere option that is subject to withdrawal (Baker v. Howison, 213 Ala. 41, 104 So. 239). See Aiken v. McMillan, 213 Ala. 494, 106 So. 150, and Chambers v. Ringstaff, 69 Ala. 140, 144, for rule as to ambiguity.

[8-10] The respective parties must be bound by the terms of the contract. Certain of the rules of construction of such contracts, though infected with latent ambiguity, are that the writing will be construed in the light of the circumstances and objects of the parties, and doubt will be (within the language employed and purposes of the contract) resolved against the vendor who gave, framed, and executed the power or agreement on which the purchaser acted to his prejudice; that a construction given (within its written terms) by the parties to the contract will be adopted by courts, within the statutes and rules of construction having application.

[11] There has been much discussion by this court of the sufficiency of description. East v. Karter, 215 Ala. 375, 377, 378, 110 So. 610. It must be definite and certain, as that which may be rendered certain, within the terms employed in the contract, and the rule obtaining in this jurisdiction. Sadler v. Radcliff, 215 Ala. 499, 111 So. 231; Martin v. Baines (Ala. Sup.) 116 So. 341.[1] The description employed in the letter in question in Ezzell v. Holland Stave Co., 210 Ala. 694, 99 So. 78, held insufficient, was about 1,600 acres of timber "that we were speaking about last Monday morning in your office," when it was further shown therein that the party owned other timber or like real property at the time indicated and in the county in question. This, of necessity, was held indefinite.

[12, 13] In the contract before us the parties to be bound are sufficiently stated; the contract was that of sale of real property in fee simple; and it is described as "lot 18, block 43, Corey." We take judicial knowledge there was such a city or village not distant from Fairfield, Ala., and now merged into another municipality. If there existed such a plat or subdivision of that former municipality and it was in existence at the time of the contract, the same may be resorted to in aid of the description employed in the instant contract. "The terms stated" are that the purchase price was

---

[1] Ante, p. 326.

$8,000, of which $100 were paid cash and acknowledged; $900 contracted to be paid on delivery of deed; and that the balance of "$7,000 was payable in five equal installments" and interest on deferred payments stipulated at 6 per cent., "payable semiannually"; taxes, fire and tornado insurance were to be prorated.

[14, 15] The fact that the contract contained the further clause that the seller is also to pay the taxes for the *current tax year* and is to convey the property by warranty deed is a latent ambiguity as to taxes contained in the foregoing provision that may be explained; and, giving effect in its relation to the preceding clause, those taxes "to be prorated" applied to taxes not yet accrued during the "current tax year" in which the sale may be consummated. The contract was dated December 5, 1925, and required the seller to furnish an abstract of title "down to date" (we interpolate within the rules, date of closing the contract); stipulated that the trade be closed within 30 days, or as soon as merchantable title can be effected, which meant within a reasonable time after expiration of the 30 days from the furnishing of required abstract of title. Baker v. Howison, 213 Ala. 41, 104 So. 239.

[16-18] Thus we are brought to a consideration of its terms for installment payments of the $7,000 balance of purchase money secured by implication of law, by the vendor's lien. Nelson v. Ayres, 215 Ala. 596, 112 So. 128. The interest rate under the statute is 8 per cent. per annum, unless otherwise stipulated within the statute. Code, § 8563; McCarty v. Harris, 216 Ala. 265, 113 So. 233. The interest date, within the reasonable construction and purview of this contract, and its ends in view, began when the $900 were paid and there was a delivery of the deed. Sections 8564, 8566, Code. It was to the effect that deferred payments bear interest at the rate of 6 per cent., "payable semiannually," on the balance due. The term "five equal installments," if construed against *the seller* and within the ambiguous terms of the contract as to time, must mean $7,000, payable in five equal annual installments, with interest at 6 per cent., payable semiannually. This is implied in the use of the words, as to that balance due, "in five equal installments," and its exception to the general law and rule, for the payment of interest semiannually.

There was no error in overruling demurrers to the several counts of the complaint, and the judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

