147 So.2d 824

## CITY OF TUSCALOOSA

v.

## C. J. TOWNSEND et ux.

6 Div. 624.

Supreme Court of Alabama.

Dec. 20, 1962.

S. H. Sprott, E. D. McDuffie and J. Wagner Finnell, Tuscaloosa, for appellant.

C. W. Gross, Tuscaloosa, for appellees.

LIVINGSTON, Chief Justice.

This is a appeal from an order granting a motion for a new trial.

The proceedings which resulted in the judgment here appealed from were initiated by the appellant, City of Tuscaloosa, by filing an application with the Probate Court of Tuscaloosa County to condemn certain lands of the appellees for use as a public street.

Appraisers were duly appointed and assessed the damages at $7667. The probate court entered an order of condemnation and assessed the damages at $7667, and from this order both appellant and appellees appealed to the Circuit Court of Tuscaloosa County, Alabama.

The cause was there tried de novo, the sole issue of the trial being the amount of compensation or damages to be awarded the landowners. The jury of the latter court found the appellees had sustained damages in the amount of only $4500. Judgment was entered by the circuit court in accordance with the verdict. Appellees duly filed a motion for a new trial with the result above indicated. The City of Tuscaloosa reserved an exception to the court's ruling granting a new trial.

Several of the grounds of the motion for a new trial raised the question of the inadequacy of the damages and that the verdict of the jury was contrary to the evidence.

■ When the trial court's ruling in granting a new trial is based on no specific ground, as here, the ruling must be sustained on appeal if any good ground is presented. Lindsay Products Corp. v. Alabama Securities Corp., 247 Ala. 662, 25 So. 2d 852; W. M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231. If no other ground is well taken, this court must con-sider whether the lower court's ruling can be sustained on the ground that the verdict is contrary to the evidence. W. M. Templeton & Son v. David, supra; Morgan County v. Hart, 260 Ala. 418, 71 So.2d 278.

■ In considering this ground of the motion, the rule stated in Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, was:

"And decisions granting new trials will not be reversed, *unless the evidence plainly and palpably supports the verdict.*" (Emphasis added.)

The rule, still controlling in the law of Alabama, means that "the same presumption must be indulged in favor of granting the motion that would be indulged had the motion been overruled." Lindsay Products Corp. v. Alabama Securities Corp., supra; W. M. Templeton & Son v. David, supra.

There were seven witnesses who testified as to the damages sustained by appellees. One witness, not a resident of Tuscaloosa, testified that the damage sustained was $4060. Another witness, who was a resident of Tuscaloosa, testified that the damage was $4683. The three appraisers, appointed by the probate court, testified as witnesses on the trial de novo, and each testified that the damage suffered by appellees was $7667. One witness testified for the appellees that in his opinion the damage was $9000. One of the owners of the property testified that the damage was $10,000.

■ We have carefully considered the evidence and we find ourselves unable to say that it "plainly and palpably supports the verdict of the jury."

The case is due to be, and is hereby, affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.