213 So.2d 674

**Ray E. LOPER**

v.

**Sidney W. GILL, Jr.**

**I Div. 230.**

Supreme Court of Alabama.

Aug. 22, 1968.

Tonsmeire & McFadden, Mobile, for appellant.

Inge, McMillan & Inge, Mobile, for appellee.

PER CURIAM.

Appellant brought suit in the circuit court of Mobile County against appellee to recover judgment on a promissory note, dated February 8, 1960, and admittedly

executed by Bay City Realty Company, Inc., a corporation, and appellee, who signed for the corporation as its president, and also as an individual. The note, payable to appellant, was in default when suit was brought.

At the conclusion of the trial, without the intervention of a jury, the trial court rendered a judgment in favor of defendant. This appeal emanates from the judgment. It involves the sole issue of whether or not there was any consideration for the signature of appellee on the note. A determination of this issue is presented by the pleading and the assignment of error.

It appears from the evidence, which we have carefully read, that Loper Lumber Company, Inc., a corporation, of which appellant was president, sold and delivered to three different corporations of which appellee was president or an officer, some lumber and building material. The account having become delinquent, the note sued on, purporting to be secured in whole or in part by a mortgage, or instrument of like nature, was executed and delivered to appellant. As we have pointed out, the note was made payable to Ray E. Loper as an individual— not to the corporation of which he was president, and which sold and delivered the lumber or building material to the three corporations of which, as we have already stated, appellee was an officer.

So far as the record here discloses, and as we view the evidence, neither of the three corporations, nor did appellee owe Loper as an individual any account. Neither does it appear that Loper acquired the indebtedness of the three corporations to Loper Lumber Company, Inc., by transfer, assignment or otherwise. The debt, which was the subject-matter of the note, was that of the corporations to Loper Lumber Company, Inc., when the note was executed and delivered. There was no debt from Gill as an individual to appellant.

■ As said by this court in Navco Hardwood Company v. Bass, 214 Ala. 553, 108 So. 452(4), the doctrine is well-established, and obtains both in law and equity.

"'That a corporation is a distinct entity, to be considered separate and apart from the individuals who compose it, and is not to be affected by the personal rights, obligations and transactions of its stockholders; and this, whether said rights accrued, or obligations were incurred, before or subsequent to incorporation. * * *'"

■ There being no indebtedness from either of the three corporations of which appellee (defendant) was an officer, or of appellee to appellant (plaintiff) for which the note here in question was given, we are constrained to hold that the promissory note here sued on was without valid consideration, and judgment for defendant (appellee) was free of error.

■ We are not unmindful that the burden rested upon defendant (appellee) to sustain his plea that there was no consideration for his signature. When such a defense is interposed, as here, the defendant (appellee) has the burden of showing want of consideration. Gates v. Morton Hardware Company, 146 Ala. 692, 40 So. 509 (12); Skipper v. Wright & Colquett, 30 Ala.App. 409, 6 So.2d 896(4). We also observe that a negotiable instrument is presumed to be based on a valid and sufficient consideration. Ladner & Company Real Estate Sales, Inc. v. Smith, 277 Ala. 185, 168 So.2d 217(1); Title 30, § 28, Code of Alabama, 1940.

The defendant having sustained his plea of no consideration for the note, we think the judgment of the trial court should be, and it is, affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON C. J. and SIMPSON, COLEMAN and KOHN, JJ., concur.