279 So.2d 123,

**Roy JOHNSON**

v.

**Bobby HODGE and C. C. Hodge.**

**SC 259.**

Supreme Court of Alabama.

June 7, 1973.

Radney & Morris, Alexander City, for appellant.

No brief for appellees.

MADDOX, Justice.

Plaintiff, Roy Johnson, brought this action in the nature of ejectment to recover possession of 42½ acres of land. Plaintiff claimed ownership of the fee and the right to possession by virtue of a deed executed in 1925 by his grandmother, Mrs. M. E. Hodge. This 1925 deed reserved a life estate in Mrs. Hodge, the grantor, granted a life estate to plaintiff's mother, Gladys Hodge Johnson, and granted the remainder to plaintiff. At the time of the filing of this suit, both Mrs. Hodge and Mrs. Johnson were deceased, so that the life estates were terminated.

The complaint asserts that defendants claim to own the property in question under a deed executed by Gladys Hodge Johnson, who owned only a life estate in the property and is now deceased.

At the conclusion of the trial, the trial judge gave the affirmative charge, with hypothesis, for plaintiff.

Subsequently, the trial court granted defendants' motion for new trial, without stating the ground or grounds upon which the new trial was granted. On this appeal by plaintiff, the substance of each assignment of error is that the trial court erred in granting a new trial in the cause.

Appellees did not file a brief. The case was submitted in this Court on the record and appellant's brief.

Either party in a civil case at law has a statutory right of appeal from a decision of the circuit court either granting or refusing a motion for new trial. Title 7, Section 764, Code of Alabama (Recomp.1958). However, granting or refusing a motion for new trial is a matter resting largely in the discretion of the trial court, and the exercise of this discretion carries with it a presumption of correctness. Shepherd v. Southern Ry. Co., 288 Ala. 50, 256 So.2d 883 (1970); State v. Edmundson, 282 Ala. 293, 210 So.2d 926 (1968); Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391 (1961). Furthermore, on appeal from an order granting a new trial, the record must be construed against the appellant. King v. Scott, 217 Ala. 511, 116 So. 681 (1928). Therefore, an order granting a new trial will not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows that the trial court was in error. Shepherd v. Southern Ry. Co., 288 Ala. 50, 256 So.2d 883 (1970); Whitman v. Housing Authority of City of Elba, 272 Ala. 245, 130 So.2d 362 (1961). It has been said that an appellate court is even more reluctant to reverse an order granting a new trial than one denying a new trial. 58 Am.Jur.2d New Trial § 212, p. 433 (1971).

When the trial court's ruling in granting a new trial is based on no specific ground, as here, the ruling must be sustained on appeal if any good ground is presented by the motion. Shepherd v. Southern Ry. Co., 288 Ala. 50, 256 So.2d 883 (1970); City of Tuscaloosa v. Townsend, 274 Ala. 268, 147 So.2d 824 (1962). In 58 Am.Jur.2d New Trial § 212, p. 434 (1971), this rule is stated, as follows:

"When a motion for a new trial presents several grounds and is sustained

generally, the ruling cannot be disturbed, unless it is shown that the motion could not have been properly sustained on any of the grounds urged. . . . "

 Therefore, the proper course for an appellant who seeks reversal of the trial court's decision granting a new trial is, by citation of authority and argument directed to each and every ground of the motion for new trial, to demonstrate that *no* ground of the motion is good. In no other way can appellant meet his burden, which is to show error in the action of the court complained of and that such error was prejudicial. King v. Scott, 217 Ala. 511, 116 So. 681 (1928).

The motion for new trial in the instant case contains 24 grounds. Appellant's argument is not specifically directed to any particular ground or grounds of the motion.

 It is frequently stated that an assignment that the trial court erred in overruling the motion for new trial justifies consideration of any ground of the motion stated with sufficient definiteness to direct the court's attention to the alleged erroneous ruling, if that clear and specific ground is adequately argued in brief. National Life & Accident Ins. Co. v. Allen, 285 Ala. 551, 234 So.2d 567 (1970); Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970). And, grounds of a motion for new trial not insisted on in argument by counsel for appellant will not be considered on appeal. Smith v. Pierce, 273 Ala. 321, 134 So.2d 201 (1961). These holdings are equally applicable to cases in which the assignment is that the trial court erred in granting the motion for new trial. See Water Works & Sanitary Sewer Bd. of City of Montgomery v. Norman, 282 Ala. 41, 44, 208 So.2d 788 (1968); Popwell v. Shelby County, 272 Ala. 287, 130 So.2d 170 (1960). Therefore, in the instant case, we will only consider clearly and specifically stated grounds of the motion for new trial which are argued in appellant's brief. Grounds not argued are waived.

 The appellant has failed to show that some legal right was abused or that the record plainly and palpably shows that the trial court committed reversible error.

This cause is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.