280 So.2d 769

**W. Fred PARKER**

**v.**

**John T. McGAHA.**

**SC 237.**

Supreme Court of Alabama.

July 12, 1973.

James Noel Baker, Opelika, for appellant.

Volz, Capouano, Wampold & Prestwood, Montgomery, for appellee.

HEFLIN, Chief Justice.

This is an appeal by defendant-appellant W. Fred Parker from an order of the Circuit Court of Lee County, granting plaintiff-appellee John T. McGaha's motion for a new trial.

Plaintiff-appellee McGaha brought an action against defendant-appellant Parker to recover payment on a note for $100,000 held by the plaintiff-appellee McGaha as payee. The makers of the note were the defendant-appellant Parker and two other men, Edward D. Mixon and Wilbur Ramsey, both of whom were originally named as defendants but who were dismissed because of the inability to obtain service upon them. Parker admitted signing the note and its default status. After a jury verdict for Parker was rendered, the trial court granted McGaha's motion for new trial.

Prior to the transactions leading to this litigation, McGaha had voting control of a corporation called Southern Factors, Inc., by owning stock directly and by owning all the stock of another corporation, Colonial Securities Company, which in turn owned stock in Southern Factors, Inc.

In 1969, Ramsey and one Joe B. King purchased all of McGaha's stock and gave to McGaha a note for $196,500 as payment. As security for the note, the stock certificates were placed in escrow by Ramsey and King subject to the terms of an escrow agreement. Payment default quickly occurred on this original note. Thereafter Parker, Mixon, and Ramsey began negotiations with McGaha which led to the execution in May, 1970, of the note here sued upon by which Parker, Mixon and Ramsey promised to pay McGaha $100,000. In return McGaha assigned all of his right, title and interest in the original $196,500 note to

Parker, Mixon and Ramsey (Ramsey being a maker of this note along with Joe King). The original $196,500 note refers to an escrow agreement and purports to incorporate it by reference. Both documents refer to a buy-sell agreement between McGaha and Ramsey and King, but this instrument was never put in evidence.

After making three separate payments of $2,500 on the $100,000 note in accordance with an agreed schedule of payments, the makers, including Parker, defaulted. The default occurred after Parker learned that Southern Factors, Inc. was "defunct." The stock certificates remained in escrow.

In his motion for new trial, as amended, McGaha assigned 24 grounds for granting the motion, several of which attack the sufficiency of the evidence to support the verdict. The trial court granted the motion because, as it stated, it was "of the opinion that the verdict of the jury and the judgment of the court thereon are contrary to the evidence in this case and the law applicable to the issues involved." On this appeal, Parker claims the court erred in granting the motion and assigns 11 grounds in support of his averment. After careful consideration thereof, this court can not say the trial judge erred.

Code of Alabama, 1940, Title 7, § 276 (Recomp. 1958) provides the statutory grounds for granting a motion for new trial. One provision of Section 276 states that a new trial may be granted if "the verdict or decision is not sustained by the great preponderance of the evidence . . . ."

■ This court has repeatedly enunciated its position with respect to the state of the evidence to support an order granting or refusing a motion for new trial. These rules need not be set out in detail but a summary of those pertinent to this case may be useful.

"[The] granting or refusing a motion for new trial is a matter resting largely in the discretion of the trial court, and the exercise of this discretion carries with it a presumption of correctness. Shepherd v. Southern Ry. Co., 288 Ala. 50, 256 So.2d 883 (1970); State v. Edmundson, 282 Ala. 293, 210 So.2d 926 (1968); Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391 (1961). Furthermore, on appeal from an order granting a new trial, the record must be construed against the appellant. King v. Scott, 217 Ala. 511, 116 So. 681 (1928). *Therefore, an order granting a new trial will not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows that the trial court was in error.* Shepherd v. Southern Ry. Co., 288 Ala. 50, 256 So.2d 883 (1970); Whitman v. Housing Authority of City of Elba, 272 Ala. 245, 130 So.2d 362 (1961)." Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123, 7 ABR 1677, Ms. 7th day of June, 1973. (Emphasis supplied)

■ Further it has long been held that upon an appeal from the granting of a motion for new trial, based upon the fact that the verdict was contrary to the evidence, there is a presumption in favor of the trial court when there is a conflict in the evidence. Mullinax v. Hufham, 269 Ala. 435, 113 So.2d 671 (1959); Lee v. Moore, 282 Ala. 461, 213 So.2d 197 (1968).

Parker contends that the evidence plainly and palpably supports the verdict and that the trial court was plainly and palpably in error in granting the motion for a new trial. However, a review of the evidence and the issues raised by the pleas of the defendant Parker makes it clear that the contentions of Parker are not tenable. The positions of the parties concerning what was the real consideration for the note, whether there was a partial failure of consideration and whether there was a total lack of consideration must be reviewed in light of the evidence and the pleas.

■ Parker contends that the consideration was that he and his co-makers of the $100,000 note were to receive the shares of

stock held by the escrow agent and since they never received the shares of stock there was a failure of consideration. McGaha contends that the consideration for the $100,000 note was the assignment of the $196,500 note and his rights and interests in the escrow agreement.

McGaha established, on cross examination of Parker, that Parker had read the escrow agreement and that he knew the stock could not be immediately delivered out of escrow. Parker also stated, "we were purchasing their note [the $196,000 note in default] and also the Escrow Agreement." Further, McGaha testified that he sold Parker the original note and escrow agreement, and that he "didn't have any stock for sale, because the stock actually belonged to Wilbur Ramsey and Joe King." In addition, an escrow agent, Mr. Leon Capuano, testified as to his duties as escrow agent and the procedure required for the holders of the original note (now Parker, Mixon and Ramsey) to remove the stock from escrow.

In pleas 2 and 3 Parker alleges a *partial* failure of consideration in that he never received the shares of stock from McGaha and the delivery of such shares of stock by McGaha was part of the consideration for the execution of the $100,000 note. In such pleas there was the allegation that the shares of stock were owned or controlled by McGaha.

McGaha contends that the record does not show that Parker offered any evidence to prove that McGaha owned or controlled the stock as alleged in pleas 2 and 3. The evidence does indicate that the stock was owned by King and Ramsey and encumbered by the escrow agreement at the time of the execution of the $100,000 note, and that McGaha's interest would be merely that of a secured party. There is no question that the escrow agreement had been assigned to Parker and his co-makers. It was highly questionable whether Parker proved the allegations of pleas 2 and 3. Even if the allegations of pleas 2 and 3

were clearly substantiated by the evidence, this would not have justified a jury verdict of no recovery whatsoever.

■■ A partial failure of consideration is a totally different defense from want of consideration, in that a partial failure "only goes to reduce recovery, and in legal effect concedes the consideration sufficient to sustain the note." First National Bank v. Town of Luverne, 235 Ala. 606, 180 So. 283 (1938). Such a partial failure is only a *pro-tanto* defense to the action. See Jackson v. Sample, 234 Ala. 75, 173 So. 510 (1937); Title 7A, Section 3–408, Code of Alabama, 1940, as amended (Recompiled 1958–1966 Added Volume). Moreover, since there was undisputed proof that the assignment of the $196,500 note was part of the consideration for the $100,000 note, the lower court will not be held in error for granting the new trial in view of the allegations of pleas 2 and 3.

■ Plea number 4 alleges a *want of consideration* in that Parker never received the stock certificates as the consideration for the execution and delivery of the $100,000 note and the delivery of the stock certificates was the consideration for the note. A plea of want of consideration is a plea of a total lack of consideration, and must be specially pleaded. See Hyatt's Supply Co. v. Lyle, 222 Ala. 460, 133 So. 3 (1931). Once want of consideration is pleaded, there is still a presumption that the note is valid, and the defendant has the burden of proving his plea. Skipper v. Wright and Colquett, 30 Ala.App. 409, 6 So.2d 896 (1942); Loper v. Gill, 282 Ala. 614, 213 So.2d 674 (1968); Gates v. Morton Hardware Co., 146 Ala. 692, 40 So. 509 (1906); and Flintkote Co. v. Grimes, 281 Ala. 707, 208 So.2d 87 (1968). See also Title 7A, Section 3–307(2), Code of Alabama, 1940, as amended (Recompiled 1958—1966 Added Volume).

■ Even the evidence of Parker established that the assignment of the $196,-500 note to Parker, Mixon and Ramsey

was part of the consideration for the execution and delivery of the $100,000 note. Thus the proof of total want of consideration to support plea number 4 was lacking.

It appears to this court that the trial judge was not plainly and palpably in error in setting aside the jury verdict and granting the motion for a new trial.

There are many other contentions by both parties, but they need not be reached since the foregoing discussion is dispositive of this case. When a motion for new trial is granted and at least one ground for the motion is valid, the trial court's ruling will be affirmed. Jones v. Jefferson County, 206 Ala. 13, 84 So. 174 (1921); Lynn v. Mellon, 217 Ala. 75, 114 So. 680 (1927).

Affirmed.

COLEMAN, BLOODWORTH, McCALL and JONES, JJ., concur.