This appeal is from a judgment granting the defendant's motion for new trial. *Page 279 
The plaintiff bank and Mrs. McClusky, as executrix under the will of Mrs. Fannie Settoon, brought an action for declaratory judgment seeking a determination of ownership of funds in the bank in the name of Mrs. Fannie DeSear Settoon, deceased. Mrs. Settoon, during her lifetime, had placed money in a savings account in the bank in the name of Mrs. Ebersole, her niece. Mrs. Settoon retained the passbook. Thereafter, Mrs. Settoon had her name added to the account and, even later, had Mrs. Ebersole's name removed from the account. Mrs. Settoon at all times retained the passbook; and it was in her possession at the time of her death.
The bank and executrix asked for a determination of ownership of these funds, i.e., whether Mrs. Ebersole was entitled to them by way of an inter vivos gift, or whether the funds were a part of the estate.
The case was tried to a jury, which returned a verdict in favor of the executrix. It should be noted, however, that the form of the verdict was "We, the jury, find the issues in favor of the Plaintiff, Joyce McClusky, in the amount of "$ FullAmount."
Mrs. Ebersole filed a motion for new trial raising some six grounds, among them, that the verdict was contrary to the law and the evidence; and that the verdict was defective in that the jury did not state the amount of the verdict in favor of the executrix.
The trial court heard arguments of counsel on the motion for new trial, but took no evidence; hence Title 7, § 764 (B), requiring the evidence on motion for new trials to be reduced to writing by the court reporter, has no application, contrary to the contentions of the appellants here.
We have repeatedly said that when a trial court grants a motion for new trial and does not specify what ground such judgment is based on, its ruling must be sustained on appeal if the motion contains any good ground. Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123 (1973); Shepherd v. Southern Ry. Co.,288 Ala. 50, 256 So.2d 883 (1970); City of Tuscaloosa v. Townsend,274 Ala. 268, 147 So.2d 824 (1962).
It has also been said many times that granting or refusing a motion for new trial rests largely in the discretion of the trial court; and such exercise of that discretion carries with it a presumption of correctness and should not be disturbed at the appellate level unless some legal right was abused and the record plainly and palpably shows that the trial court was in error. Johnson v. Hodge, supra; Whitman v. Housing Authority ofCity of Elba, 272 Ala. 245, 130 So.2d 362 (1961).
We have carefully reviewed the evidence in this case; and, while we find ourselves in agreement with the argument of appellants that there was abundant evidence to support the jury verdict in favor of the executrix, we cannot say that the trial court abused its discretion in granting the motion for new trial based upon other grounds in the motion, particularly since the verdict was somewhat irregular since it referred to the "Full Amount." Did this mean the full amount involved at the time the suit was filed or the amount on deposit in Mrs. Settoon's account at the time of the verdict? The amounts differed.
Finding no error to reverse, the cause is affirmed.
Affirmed.
HEFLIN, C.J., and MERRILL, MADDOX and JONES, JJ., concur. *Page 280