This is an appeal from the granting of a motion for new trial. We reverse.
U-Haul of Alabama brought suit against Turner on open account and for an accounting under a contract with judgment thereon. Turner filed counterclaim claiming $15,200 on open account. Defendant demanded trial by jury. After trial, jury verdict was in favor of plaintiff U-Haul in the amount of $2,518.93. Judgment was entered in accord. No verdict was returned on defendant's counterclaim. Defendant filed motion for new trial which was granted without statement of a ground and the case was returned to the trial docket. Plaintiff appeals.
At trial, plaintiff proceeded to claim that defendant was indebted to it by contract entered into in 1965 and amended at various times until terminated by plaintiff in June 1975. Defendant contended that plaintiff was indebted to him for some fifteen thousand dollars under the same contract.
Plaintiff is an Alabama corporation engaged in executing and servicing dealer contracts for U-Haul rental equipment. It is a wholly-owned subsidiary of U-Haul International of Phoenix, Arizona. The accounting services for U-Haul of Alabama were performed under contract by Arcoa, Inc. of Phoenix. All weekly reports and payment of rentals filed by each dealer were sent to Arcoa. Its computer performed all record keeping and directed payment of commissions to the dealer each month.
The claim of plaintiff arose from failure of defendant to file five weekly reports and submit payments as required by the contract. The sum stated to be due by plaintiff was admitted correct by defendant. Defendant claimed failure of payment to him for repairs made on equipment.
The only question presented by the appeal is whether the trial judge erred in granting defendant's motion for new trial.
Granting or denying a new trial motion rests largely in the discretion of the trial judge. The judgment of the trial judge is presumed correct on appeal. Hubbard Bros. Const. Co. v. C.F.Halstead Cont. Inc., 294 Ala. 688, 321 So.2d 169 (1975);Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123 (1973).
If a new trial is granted without specifying the ground, the ruling will be sustained on appeal if any good ground is presented by the motion. Johnson v. Hodge, supra.
When the new trial is granted without specifying the ground therefor, and one of the grounds of the motion is that the verdict is contrary to the evidence, it is presumed on appeal that the motion was granted upon that ground. Jones v. Strange,289 Ala. 76, 265 So.2d 860 (1972); 2A Ala. Digest, "Appeal 
Error", § 933 (1), (4).
When a new trial is granted upon the ground that the verdict is contrary to the preponderance of the evidence, an appellate court will not reverse unless it appears that the great weight of the evidence plainly supports the verdict. Cobb v. Malone Collins, 92 Ala. 630, 9 So. 738 (1891).
As we have already stated, the verdict was for the plaintiff in the sum of *Page 386 
$2,518.93. Such sum is less than the amount admittedly owed plaintiff by defendant. There is no conflict in the evidence as to the amount due plaintiff under the contract. Therefore, a charge by the defendant that the verdict rendered for plaintiff was contrary to the evidence has no foundation in the evidence. The evidence supports the verdict for plaintiff without dispute. A new trial granted on the ground that the verdict was contrary to the evidence would be erroneous. We find the presumption that a new trial was granted on that ground must fall.
We now look to the other grounds of the motion for new trial to determine if any of them support the ordering of a new trial.
Defendant submits in brief that the trial court, though failing to specify grounds, in fact granted a new trial on the ground that plaintiff was not the real party in interest and had no right to judgment against defendant. Our examination of the record indicates that defendant is correct. We therefore accept defendant's assessment and forego consideration of any of the other grounds of the motion.
The trial court was in error in granting a new trial on the ground that plaintiff was not the real party in interest. Defendant places his reliance upon testimony of the president of plaintiff upon cross-examination. That testimony, was in essence, that U-Haul of Alabama was a service corporation owned wholly by U-Haul International and that all monies due under the contract with defendant ultimately inured to the benefit of the parent corporation. Such testimony, if true, is not necessarily determinative of the "real party in interest" within the meaning of Rule 17 (a), ARCP. The effect of Rule 17 (a) is that the action must be brought by the person who is entitled to enforce the right claimed therein. Who has such right is a matter of substantive law of the particular jurisdiction. 6 Wright Miller, Federal Practice and Procedure, § 1543. The purpose of the rule is to protect the defendant from subsequent action by the party actually entitled to recover and to ensure that a judgment will have res judicata effect.
There can be no argument but that a party to a contract, in the absence of assignment, has the substantive right to enforce that contract. Gore v. Gore, 250 Ala. 417, 34 So.2d 580 (1948). It could have little bearing that someone else may ultimately benefit from a recovery. In fact, the second sentence of Rule 17 (a) provides that one in whose name a contract has been made for the benefit of another may sue in his own name without joining the party for whose benefit the action is brought.
The relationship of U-Haul of Alabama and of U-Haul International appears to be nothing more than that of parent and subsidiary corporations. It does not appear that the contract here is one for a third party benefit. However, even if it were, the joinder or substitution of U-Haul International is not required.
It is the opinion of the court that the trial court erroneously granted a new trial and such judgment must be reversed and the verdict of the jury with judgment thereon reinstated.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.