HOLMES, Judge.
Plaintiff-appellant appeals from an order of the trial court granting a new trial. The dispositive issue on appeal is whether the trial court erred to reversal in granting the new trial. We find that it did not and affirm.
The record reveals the following: The plaintiff, a homeowner, entered into a written contract with defendant that defendant construct a swimming pool on plaintiff’s residential lot. The pool was completed in April of 1976. Shortly after construction, the pool began leaking and a number of defects were discovered. Most of the defects were repaired at no charge to plaintiff. In the fall of 1977, plaintiff noticed a number of spots or blisters had begun to appear on the fiberglass sides of the pool. Plaintiff notified defendant of these blisters, but no action was taken by defendant to repair them.
Plaintiff then brought the instant action based on the express warranty of the installation contract that defendant would repair any defects occurring within one year of installation which were due to defective materials or workmanship. The jury returned a verdict for plaintiff for $6,800 and defendant moved for a new trial. The trial court granted the new trial but did not state the grounds.
We review the trial court’s order granting a new trial under the following principles: 1) the grant of a new trial is a matter within the discretion of the trial court and is presumed correct; 2) where no grounds for the order are stated, it is presumed that the grounds are that the verdict was contrary to the preponderance of the evidence or that the verdict was unjust in light of the evidence; and therefore 3) if the evidence is in conflict and the appellate court cannot say that the great weight of the evidence plainly and palpably supports the verdict, then the grant of a new trial should not be disturbed. Hubbard Bros. Constr. Co. v. C. F. Halstead Contractor, Inc., 294 Ala. 688, 321 So.2d 169 (1975).
*1047 No good purpose would be served by setting out all the evidence' here. Suffice it to say that the evidence was in conflict as to whether defendant was liable under the warranty of materials and workmanship. There was testimony by a former employee of defendant that the blistering of the fiberglass, the principal defect complained of by plaintiff, was caused by defendant’s poor workmanship and would eventually cause the pool to leak. There was also testimony that the pool was leaking at the time of trial. However, on the other side, there was no evidence which directly indicated that the pool leakage was the fault of defendant. There was testimony by an employee of defendant that the blistering of the fiberglass was something that occurred occasionally with that type of pool, that the cause of the blistering was unknown but that was not due to poor workmanship or materials, and that the blistering was solely a cosmetic imperfection and did not in any way affect the structural integrity of the pool. Finally, there was testimony that the blisters first began appearing after the one-year warranty period had expired.
Such a conflict does not allow this court to say that the verdict is plainly supported by a preponderance of the evidence. Hence, under our law the order granting a new trial cannot be overturned.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.