387 So.2d 125 (1980)
COTTON STATES MUTUAL INSURANCE COMPANY, a corporation,
v.
William A. CONNER II, and Joe Fleming, d/b/a Hinge Gate Subdivisions.
78-610.
Supreme Court of Alabama.
May 23, 1980.
After Remand August 22, 1980.
*126 Allen Poppleton, of Bradley, Arant, Rose & White, Birmingham, for appellant.
George A. Moore, of Johnston, Johnston & Moore, Huntsville, for appellees.
PER CURIAM.

On Rehearing
This case is put on rehearing by the Court to reconsider the judgment that should be entered in this case. Although no application for rehearing was filed by the parties, a case can be put on rehearing by the Court during the term. Empire Home Loans, Inc. v. W. C. Bradley Co., 286 Ala. 449, 455, 241 So.2d 317 (1970). The opinion is revised so that it will read as follows:
This is an appeal by Cotton States Mutual Insurance Company from a judgment rendered against it in a suit on a performance bond filed by William A. Conner II, and Joe Fleming.
In October of 1976, Conner and Joe Fleming, d/b/a Hinge Gate Subdivisions, entered into a written contract with Redd Industries, Inc., for the construction of certain improvements for Hinge Gate Subdivisions. These improvements consisted of the construction of sewers, curbing, streets and gutters. The contract called for Redd Industries to complete its work within 150 calendar days or suffer liquidated damages of fifty dollars per day.
Cotton States, as surety for Redd Industries, executed and delivered a performance bond to secure Conner and Fleming against default by Redd Industries.
Conner, Joe Fleming, and their wives, borrowed money from the First Alabama Bank to buy the land upon which the subdivision was to be developed. This note has been renewed several times by the same parties.
Redd Industries experienced problems with machinery and workmen. Conner attempted to get Redd Industries to complete *127 the work by March 28, 1977, which was the last day of the 150 day performance period. He requested Cotton States' help in this matter on several occasions. The work was not completed within the 150 day period. On June 13, 1977, Conner wrote Redd Industries stating that they were over two months behind schedule, and that there had been adequate working days to take care of any loss of time due to the weather.
On August 11, 1977, Conner notified Cotton States that Redd Industries was in default. On September 16, 1977, Conner again notified Cotton States that Redd had defaulted and that if Cotton States would not employ another contractor, then Conner would employ one at Cotton States' expense. Conner and Joe Fleming contracted with the Shelby Contracting Company, Inc., to complete the construction work. This new contract was made with the approval and direction of Cotton States. Work was completed on May 24, 1978.
On December 23, 1977, Joe Fleming conveyed his half-interest in Hinge Gate Subdivisions to Randall Bailey. Subsequently, Louis Fleming bought Randall Bailey's interest in the subdivision.
The complaint named Conner and Joe Fleming, d/b/a Hinge Gate Subdivisions as plaintiffs and sought liquidated damages. The plaintiffs filed a motion pursuant to Rule 17(a), ARCP, to substitute Randall Bailey for Joe Fleming as the real party in interest. They subsequently withdrew this motion. No objection to this withdrawal was made by Cotton States.
At trial, Conner testified that he and Louis Fleming were the current owners of Hinge Gate Subdivisions. The court then allowed Louis Fleming to be added as a party plaintiff. The trial court held that the real parties in interest were Conner and Joe Fleming, d/b/a Hinge Gate Subdivisions, and granted judgment in their favor for damages.
Cotton States contends that two errors were committed by the trial court. The first was that Joe Fleming was not a real party in interest. The second was in its finding that the plaintiffs were entitled to liquidated damages for the entire delay.
Where testimony has been taken ore tenus, the findings of fact made by the trial court will not be disturbed unless clearly and palpably wrong or without supporting evidence, or manifestly unjust. Sterling Oil of Oklahoma v. Pack, 291 Ala. 727, 287 So.2d 847 (1973). Upon a careful review of the record, we are of the opinion that there is ample evidence to support the trial court's conclusion as to the amount of damages.
Rule 17(a), ARCP, states that "[e]very action shall be prosecuted in the name of the real party in interest." The Alabama Court of Civil Appeals, in U-Haul Company of Alabama v. Turner, 355 So.2d 384 (Ala. Civ.App.1978), considered Rule 17(a), and found that
... The effect of Rule 17(a) is that the action must be brought by the person who is entitled to enforce the right claimed therein. Who has such right is a matter of substantive law of the particular jurisdiction. The purpose of the rule is to protect the defendant from subsequent action by the party actually entitled to recover and to ensure that a judgment will have res judicata effect.
355 So.2d at 386. (Citation omitted.)
The performance bond upon which Cotton States acted as surety named Conner and Joe Fleming as obligees. Joe Fleming has supposedly sold his interest in Hinge Gate Subdivisions to Randall Bailey, but nothing in the record indicates an assignment by Joe Fleming of his rights under the bond. If it is later found that Joe Fleming transferred his interest in the bond, then Cotton States could be subject to a subsequent action by Randall Bailey.
Neither Joe Fleming nor Randall Bailey testified during the trial. There is no documentary evidence conclusively establishing the true ownership of the subdivision, and there is no evidence showing an assignment, if indeed there was one, of contract rights under the bond. Upon the record before us we consider it impossible to determine who the real parties in interest are. We think *128 the proper course is to remand the cause to the trial court to take additional evidence and make a new determination of the status of Joe Fleming and Randall Bailey.
We should not be understood as holding that Joe Fleming is not a real party in interest. We merely hold that the evidence is insufficient to make that determination. There is no need to further involve Louis Fleming as he testified at trial that he made no claim whatsoever under the performance bond.
Rule 19(a), ARCP, requires, among other provisions, that a person subject to the jurisdiction of the court should be joined as a party in the action if the absence of such party leaves any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest.
Randall Bailey was not a party to this cause at the time judgment was rendered in the trial court.
Therefore, this cause is remanded to the trial court with directions to make Randall Bailey a party to the cause pursuant to the provisions of Rule 19(a), ARCP, to take additional evidence and make a new determination of the status of Joe Fleming and Randall Bailey relative to the performance bond, and to transmit to this Court, within sixty days from this date, a report of such determination, together with a transcript of the additional evidence taken, for the further consideration of this Court.
OPINION MODIFIED ON REHEARING; REMANDED WITH DIRECTIONS.
TORBERT, C. J., and FAULKNER, ALMON, SHORES[1] and EMBRY, JJ., concur.
PER CURIAM.

After Remand
This cause was remanded to the Circuit Court to make Randall Bailey a party pursuant to Rule 19(a), ARCP, and to take additional evidence and make a new determination of the status of Joe Fleming and Randall Bailey relative to the performance bond.
The Circuit Court added Randall Bailey as a party plaintiff and took additional testimony. The supplemental record is now before this Court and includes the testimony of Joe Fleming, Randall Bailey and William A. Conner II.
Joe Fleming testified that he did not assign his interest in the bond, and still makes claim under the bond against Cotton States. Randall Bailey testified that he purchased Joe Fleming's interest in the real estate with the understanding that any proceeds from the suit on the bond would belong to Fleming. Bailey said he has no interest or claim under the bond, or against Cotton States.
We are therefore of the opinion that the trial judge is correct in adjudging Joe Fleming and William A. Conner II to be the real parties in interest.
The judgment of the Circuit Court is hereby affirmed.
AFFIRMED AFTER REMAND.
TORBERT, C. J., and FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
NOTES
[1] Justice Shores, sitting for Justice Bloodworth, has listened to the tape recording of oral argument.