FAULKNER, Justice.
This is an appeal from a judgment in the Circuit Court of Calhoun County granting the plaintiffs’ motion for new trial.
On September 17, 1979, plaintiff Otis Warren and defendant Elizabeth Freeman were involved in a two-car wreck in Anni-ston, Alabama. The accident occurred in front of a bank where both parties had transacted business immediately prior to the collision. Otis Warren had pulled out from his parking space along the curb in front of the bank and was entering the street traffic. Elizabeth Freeman was pulling out from a drive-in window. Mrs. Freeman testified that she stopped twice and looked both ways before entering the street. Both parties testified that they did not see the other until impact. There were no other witnesses. The evidence is in conflict as to whether Mr. Warren stated, immediately after the accident, that he was looking over his left shoulder at the time of the accident. Mrs. Freeman testified that Mr. Warren made the statement; Mr. Warren testified that he couldn’t recall the statement. There were no other witnesses.
The Warrens filed suit against Mrs. Freeman. The case went to trial and the jury returned a verdict for Mrs. Freeman. Subsequently, the trial court granted the Warrens’ motion for new trial upon a finding that the jury’s verdict was contrary to the great preponderance of the evidence. Mrs. Freeman appeals.
The sole issue presented for our review is whether the trial court erred in granting the new trial. We find no error.
The law in this jurisdiction is well settled that
granting or refusing a motion for new trial is a matter resting largely in the discretion of the trial court, and the exercise of this discretion carries with it a presumption of correctness. . . . Fur *197 thermore, on appeal from an order granting a new trial, the record must be construed against the appellant.... Therefore, an order granting a new trial will not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows that the trial court was in error.... It has been said that an appellate court is even more reluctant to reverse an order granting a new trial than one denying a new trial.
Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123 (1973) (citations omitted).
We further stated in Parker v. McGaha, 291 Ala. 339, 280 So.2d 769 (1973): “[I]t has long been held that upon an appeal from the granting of a motion for new trial, based upon the fact that the verdict was contrary to the evidence, there is a presumption in favor of the trial court when there is a conflict in the evidence.”
After careful consideration of the record in view of the foregoing authority, we conclude that the trial judge was not plainly and palpably wrong in granting the new trial.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ALMON, EMBRY and ADAMS, JJ., concur.
TORBERT, C. J., concurs specially.