SCRUGGS, Retired Circuit Judge.
This case involves an action by the Loyds for the conversion by the bank of certain items of personal property which were situated in the Loyds’ automobile when the vehicle, admittedly, was lawfully repossessed by the bank.
The undisputed value of the missing items was $235.75. The jury returned a verdict favorable to the Loyds for $5,235.75.
The bank duly filed a nine ground motion for a new trial. After a hearing, the trial court set aside the verdict of the jury and ordered a new trial without recording any specific reason for such action. The correctness of the granting of the motion for a new trial is the issue now before this court. We affirm.
Several rules govern our review of a trial court’s judgment granting a new trial, among them being the following: when a trial court grants a motion for a new trial without stating the ground upon which it is based, the ruling must be sustained if any valid reason is presented by the motion. Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123 (1973). A trial court has a wide judicial discretion to grant a new trial, and the exercise of that discretion carnes with it a presumption of correctness. Hill v. Cherry, 379 So.2d 590 (Ala. 1980). Where the reason or basis for the trial court’s action is not stated by that court in its judgment granting a new trial motion, we must presume that a new trial was allowed because the verdict of the jury was contrary to the preponderance of the evidence or that the verdict was unjust under the evidence presented. 2A Ala. Digest Appeal & Error Key No. 933(4). If there is a conflict in the evidence and the reviewing court cannot “say that the great weight of the evidence plainly and palpably supports the verdict, then the grant of a new trial should not be disturbed. (Citation omitted.)” Hamilton v. Dueringer Corp., 370 So.2d 1046 (Ala.Civ.App. 1979).
Learned and respected counsel each have filed an excellent brief on behalf of their respective clients. For us to detail the evidence would not be meaningful since it would neither add to nor detract from any present applicable law. We have carefully read and studied the entire transcript of the evidence as well as the briefs of both par *149 ties. It is adequate to state that there is conflicting evidence to the extent that this court cannot declare that the verdict of the jury is plainly supported by a great preponderance of the evidence. The trial court did not abuse its discretion in ordering a new trial: Accordingly, we affirm, for we cannot disturb the judgment from which the appeal was taken.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.