This is an action for negligence arising out of a traffic accident which occurred on Interstate 65 in Jefferson County, Alabama, May 2, 1978. The plaintiff Roger Beal, and his wife were traveling in a Datsun automobile, when Mr. Beal attempted to pass a moving van owned by the defendant Bekins Van Lines, and driven by the defendant, Leon Daniels. While passing the truck, Mr. Beal's vehicle struck a guard rail and flipped two or three times. Mr. Beal alleged that the Bekins truck veered into the passing lane, causing Mr. Beal to move his vehicle out of the lane to avoid colliding with the truck. Mr. Beal was traveling at a speed of fifty to fifty-five miles per hour, and the van was moving forty-five to fifty miles per hour. The defendants alleged that Daniels turned on his left blinker to pass a car, and had barely moved across the center line, when he saw Mr. Beal's approaching vehicle and returned to the right lane.
Mr. Beal brought an action against the owners of the van, Swanner-Bekin, Inc. and Bekins Van Lines, and against their employee, Leon Daniels. The claim was tried to a jury. The jury returned a verdict in favor of all of the defendants. Mr. Beal made a motion for a new trial, stating as grounds for the motion the following:
"1. The verdict is contrary to the law.
"2. The verdict is contrary to the evidence.
 "3. The evidence considered in the most favorable light in behalf of the Defendant is insufficient to support any verdict that might be rendered for the Defendant herein.
 "4. The evidence was, as a matter of law, that the injuries sustained by Plaintiff, if any, on May 2, 1978, were the result of wanton conduct on the part of the Defendant. Defendant's council [sic] even admitted in the closing argument that Defendant did wrong.
 "5. Opposing council [sic] addressed jury members individually during the summation constituting prejudice and reversible error.
 "6. Noise from the construction immediately outside the Courtroom prevented the jury from hearing part of the testimony and jury instructions so that there was insufficient evidence and/or jury instructions to support a verdict and/or to constitute proper instructions to the jury.
 "7. Members of the jury heard the Judge's instructions in that the burden of proof of Plaintiff was `beyond a shadow of a doubt' which is an *Page 83 
improper and prejudicial burden of proof. Note that this is based on the Affidavits of the jurors attached to this Motion and not in the instructions.
 "8. One juror was asleep during a large portion of the trial and for this reason Plaintiff was not afforded a trial by 12 qualified jurors but was given a trial by one juror who heard part of the evidence and could, therefore, only contribute to part of the deliberation which could be worse than no contribution at all.
 "9. One juror was interested in another trial, as opposed to this trial, to the point that the jury and the Court waited, on more than one occasion, for her to return from the other Courtroom so we could continue. Thus, obviously, that same juror was not properly listening to the evidence or the case and could, perhaps, cause more harm than good in deliberation.
 "10. The decision was not a unanimous one as required by law. When the jury was polled, one member did not positively state that this was her verdict."
The trial judge granted the motion for a new trial. In his order the trial judge, the Honorable John N. Bryan, Jr., stated:
 "Having considered all the grounds asserted by the plaintiff in support of their [sic] said Motion, it is the opinion of this Court that no one ground cited standing alone would be of sufficient import to require the granting of a new trial, but the Court is satisfied upon considering all grounds cumulatively that the ends of justice would better be served by granting a new trial."
Pursuant to Code 1975, § 12-22-241, the defendants appealed the granting of a new trial. We affirm.
On appeal, the parties raise the issue of the proper standard of review for a trial court's grant or denial of a motion for a new trial. In Hill v. Cherry, 379 So.2d 590 (Ala. 1980), this Court stated:
 "Granting or refusing a motion for a new trial rests within the sound discretion of the trial court; the exercise of that discretion carries with it a presumption of correctness which will not be disturbed by this court unless some legal right was abused and the record plainly and palpably shows the trial court was in error."
Accord, Johnson v. Hodge, 291 Ala. 142, 143, 279 So.2d 123
(1973); Phillips v. Phillips, 395 So.2d 1040 (Ala.Civ.App. 1981). An appellate court is more reluctant to reverse the granting of a motion for a new trial than the denying of a motion for a new trial. Johnson v. Hodge, 291 Ala. 142, 143,279 So.2d 123. Furthermore, this Court construes the record against the appellant in reviewing the granting of a new trial.Id.
In Johnson v. Hodge, 291 Ala. 142, 143, 279 So.2d 123, this Court stated that if the trial judge grants a new trial andfails to state the grounds therefor, the appellant court must uphold the granting of a new trial if any ground for a new trial supports the trial judge's action. In general, the appellate court presumes that the new trial was granted because the verdict was against the weight of the evidence. Clark v.Chitwood, 339 So.2d 1017 (Ala. 1976); Hubbard BrothersConstruction Co. v. C.F. Halstead Contractor, Inc., 294 Ala. 688, 321 So.2d 169 (1975). Nevertheless, when the judgment negates action upon a particular ground, such as the ground that the verdict is contrary to the evidence, this court will not presume that the action was based on that ground. Bullardv. Williams, 272 Ala. 391, 133 So.2d 688 (1961); Cook v.Sheffield Co., 206 Ala. 625, 91 So. 473 (1921).
In the present case, the trial judge specifically stated that he did not base his order granting a new trial on any particular grounds, including insufficiency of the evidence. The judge stated that "no one ground standing alone would be of sufficient import to require the granting of the new trial." Thus, this Court may not infer that the trial judge granted the motion for a new trial based on the insufficiency of the evidence. Furthermore, there is no need to *Page 84 
examine each ground, since the trial judge expressly stated that none of the grounds, alone, was sufficient.
The real issue presented by the trial judge's order is whether a trial judge may grant a new trial based on the cumulative effect of alleged errors. We hold that such an order is permissible, and is presumed to be correct unless plainly and palpably wrong. Kerns v. Lenox Machine Co., 74 Ill. App.3d 194, 30 Ill.Dec. 33, 392 N.E.2d 688 (1979). See Hill v. Cherry,379 So.2d 590 (Ala. 1980); Johnson v. Hodge, 291 Ala. 142, 143,279 So.2d 123 (1973).
A trial judge may weigh the credibility of the evidence and the witnesses, and may grant a new trial if the jury's verdict is not supported by the evidence or if substantial injustice would occur if a new trial were not granted. See Bazile v.Bisso Marine Co., 606 F.2d 101 (5th Cir. 1979). A trial judge may properly grant a new trial even in a situation in which the granting of a directed verdict or judgment notwithstanding the verdict would be improper. Id.; 5A Moore's Federal Practice 50.03 (3d ed. 1976). Furthermore, the trial judge may grant a new trial on grounds which might not constitute reversible error on appeal. In sum, a new trial is a less drastic remedy for errors that occur at trial. Thus, as in the present case, there may be a situation in which several events at trial lead to the conclusion that a new trial should be granted to prevent injustice, even though, taken alone, the events may not warrant the granting of a new trial.
In the present case, the evidence presented at trial was in conflict. On appeal, this Court, construing the evidence against the appellant, would affirm a new trial granted on the ground of insufficiency of the evidence. See Snider v.Hamilton, 268 Ala. 249, 105 So.2d 656 (1958). It also appears that the hostile behavior of one of the jurors disrupted the trial and upset the remaining jurors. The trial judge, under all the circumstances, acted within his sound discretion in granting a new trial.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.