MADDOX, Justice.
The issue on appeal is whether the trial court was correct in ordering a new trial as to all defendants in these cases. We affirm, in part and reverse, in part.
On February 7, 1980, James Karl Sessions, who at the time was driving an automobile along U.S. Highway 11 in Sumter County, Alabama, was killed when a log fell from a truck loaded with pulpwood and crashed through the windshield of his car. *803 The truck hauling pulpwood was owned by S & T Trucking Company, Inc. (S & T). The principal owner of S & T Trucking at the time of the accident was John Tidmore. Robert Poole, an employee of S & T, was the driver of the truck.
The record shows that the logs were loaded onto S & T’s truck by employees of Black Belt Wood Company, Inc. (Black Belt), at its woodyard. The load of logs was to be delivered by S & T to the wood mill of American Can Company (American Can). The evidence indicated that Robert Poole checked the load involved in the accident before leaving the woodyard, and, while transporting the logs, stopped three times prior to the accident to tighten the load. He had previously delivered one load of wood to American Can before the accident occurred.
Leonard Earl Sessions, appellant, as administrator of the estate of James Karl Sessions, filed suit against American Can, Black Belt, S & T, Robert Poole, and John Tidmore. In his complaint, he alleged that the defendants, both separately and severally, were negligent in loading, inspecting and operating the truck and by entrusting the work to an incompetent operator (Robert Poole). During the trial, the plaintiff amended his complaint to allege that American Can and Black Belt were liable under the theory of joint enterprise or agency. Prior to the submission of the case to the jury, a directed verdict was entered by the trial court on behalf of John Tidmore. The jury returned verdicts in favor of defendants American Can, Black Belt, and Robert Poole, but found in favor of the plaintiff against S & T. The plaintiff filed a motion for a judgment notwithstanding the verdict (JNOV), or, in the alternative, for a new trial, against defendants American Can, Black Belt, and Robert Poole. S & T likewise filed a motion for a JNOV.
The trial court granted a new trial as to all defendants, except American Can, and stated the following reasons:
“1. The court does not and did not find any evidence in this case [on] which the jury could have properly returned a verdict against S & T Trucking Company, Inc., only.
“2. The evidence in this case does not support a verdict and judgment only against the defendant, S & T Trucking Company, Inc.
“3. The verdict in this case upon which the judgment is entered only against the defendant, S & T Trucking Company, Inc. is improper and not supported by the evidence.
“4. The defendant, S & T Trucking Company, Inc., could be subject to liability in this case, under the facts, only due to the action or inaction of the defendants, Robert Poole, and/or Blackbelt [sic] Wood company, Inc.
“5. The verdict returned by the jury, in this case, is an inconsistent verdict.
“6. The court is unable to determine in this case whether it was the conduct of the defendant, Blackbelt [sic] Wood Company, Inc., which was the basis of the jury verdict against the defendant, S & T Trucking Company, Inc.”
This appeal followed.
Appellants S & T and Robert Poole assert that the trial court should have granted their motion for a JNOV because under the doctrine of respondeat superior, a finding by a jury for the agent exonerates the principal. Alternatively, they argue that should this Court determine that the trial judge was correct in granting a new trial, then Robert Poole should not be included, because the jury had found him not guilty of negligence with regard to the death of James Karl Sessions.
On the other hand, appellant Black Belt contends that the trial court erred by ordering a new trial following a jury verdict in its behalf. Black Belt argues that S & T could not have been subjected to liability due to the action or inaction of Black Belt under the theories alleged by the plaintiff and under which the case was originally tried, because S & T and Black Belt were separate and independent entities.
Appellee Sessions argues, however, that since the jury found in favor of both Poole *804 (the driver) and Black Belt (which loaded the wood), but against S & T (which owned the truck and employed its driver), the trial court was unable to ascertain who the jury found was guilty of negligence and properly granted the motion for new trial as to all three defendants.
Addressing the contentions of appellant Black Belt first, we note that a strong presumption of correctness is indulged in favor of the trial court regarding its rulings on a motion for a new trial. Shiloh Constr. Co. v. Mercury Constr. Corp., 392 So.2d 809, 814 (Ala.1980); Johnson v. Hodge, 291 Ala. 142, 143, 279 So.2d 123, 125 (1973). An order granting a new trial will not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows the trial court was in error. Johnson v. Hodge, supra, 291 Ala. at 143, 279 So.2d at 125.
In this case, the record plainly and palpably shows that grounds four and six as enumerated in the trial court’s order, were, as they pertain to Black Belt, incorrect as a matter of law. There was no allegation that Black Belt, by loading the wood, was acting as an agent for S & T. Appellee did amend his complaint to allege that American Can was vicariously liable for Black Belt’s activities because of a joint venture or a respondeat superior relationship, but nowhere in the complaint did the appellee allege either that S & T was vicariously liable for Black Belt’s actions or inactions, or that Black Belt was vicariously liable for 5 & T’s actions or inactions. Indeed, the evidence in this case fails to indicate that S 6 T was Black Belt’s agent or that Black Belt controlled the activities of S & T, or vice versa. What the uncontroverted facts do show is that S & T and Black Belt were separate and independent entities and that Black Belt had merely contracted with S & T to haul wood from its woodyard to American Can’s plant. The record further shows that neither of the parties requested any jury instructions regarding Black Belt’s liability on any theory other than negligence.
Because the record plainly and palpably indicates that, as a matter of law, the trial court erred by ordering a new trial as to appellant Black Belt, we reverse that order as to Black Belt, and order the trial court to reinstate the jury verdict on Black Belt’s behalf.
With respect to S & T and Poole, however, the record does not plainly and palpably show that the trial court erred by ordering a new trial. Johnson v. Hodge, supra. Indeed, it was undisputed in the record that Poole was employed by and worked for S & T and was the driver of its truck at the time of the accident. The jury absolved Poole from any liability in the accident. Our ruling here, however, should not be interpreted to mean that S & T’s alleged liability is solely of a vicarious variety and, therefore, can only be predicated on the negligence of its agent Poole. See, Carter v. Franklin, 234 Ala. 116, 173 So. 861 (1937).
Consequently, the part of the trial court’s order pertaining to appellants S & T and Poole is affirmed.
AFFIRMED, IN PART; REVERSED, IN PART; AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.