HOLMES, Judge.
This is a case which presents questions with regard to Rule 59(a), Alabama Rules of Civil Procedure.
The plaintiff filed suit against United States Fidelity & Guaranty Company (USF & G) after USF & G denied coverage under an uninsured motor vehicle policy it had issued to the plaintiff. The case was presented to the trial court on a joint stipulation of facts, and the trial court rendered a judgment for the plaintiff for $10,000.
According to the stipulated facts, the plaintiff was injured while he was a passenger in a car which was involved in a one-vehicle accident. The car was owned by one individual, who had no insurance on the car, and was driven by another, who had liability insurance. The plaintiff settled with the driver’s insurance company for $29,625 and executed a written release. Under the terms of the release, a copy of which was attached to. the parties’ joint stipulation of facts, the plaintiff released the driver, the driver’s insurance company, “and any other person, firm or corporation charged or chargeable with responsibility or liability” from all claims and damages arising from the accident.
Following the entry of the judgment for the plaintiff, USF & G filed a motion for a new trial on the ground that the judgment was not sustained by the great weight of the evidence and was contrary to the law of the state. The trial court granted the motion, and USF & G then filed an answer to the complaint in which, for the first time, it set up as an affirmative defense the release that the plaintiff had executed.
The trial court subsequently entered a judgment for USF & G. The plaintiff, through able counsel, appeals. We affirm.
The sole question presented on appeal is whether the trial court erred in granting USF & G’s motion for a new trial.
Whether to grant a motion for a new trial is a matter within the discretion of the trial court. Its exercise of that discretion is presumed to be correct and will not be disturbed on appeal unless some legal right has been abused and the record plainly and palpably shows the trial court to lie in error. Hill v. Sherwood, 488 So.2d 1357 (Ala.1986); American Furniture Galleries, Inc. v. McWane, Inc., 477 So.2d 369 (Ala.1985); Hill v. Cherry, 379 So.2d 590 (Ala.1980). See also Black v. Hodges, 429 So.2d 1028 (Ala.1983). No such abuse has been shown in this case.
The plaintiff contends that the motion for a new trial was granted to allow USF & G to answer the complaint and set up the release as an affirmative defense. He contends that such is not a valid reason for granting a motion for a new trial.
Rule 59(a), A.R.Civ.P., provides in pertinent part:
“A new trial may be granted to all or any of the parties and ... on all or part of the issues in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of Alabama. ...”
The committee comments to Rule 59 note that the “specific grounds for which a rehearing might have been granted in equity have heretofore been limited only by the sound discretion of the court.” Committee Comments, Rule 59, A.R.Civ.P. (citing Ex parte Upchurch, 215 Ala. 610, 112 So. 202 (1927)).
In this case the trial court did not specify the grounds upon which it granted USF & G’s motion for a new trial. Under such circumstances this court must uphold the granting of the motion if any ground for a new trial supports the trial court’s action. Bekins Van Lines v. Beal, 418 So.2d 81 (Ala.1982); Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123 (1973); U-Haul *863 Company of Alabama v. Turner, 355 So.2d 384 (Ala.Civ.App.1978).
The burden is on the plaintiff to address each ground of USF & G’s motion for new trial .and “demonstrate that no ground of the motion is good.” Johnson, 291 Ala. at 144, 279 So.2d at 125. This the plaintiff has not done and under the facts, as indicated, in all likelihood would be unable to accomplish.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.