This is an action to collect on an account stated.
On December 24, 1977, Marion Bracy was admitted to the University of South Alabama Medical Center (USAMC) for gunshot wounds. He was discharged on January 2, 1978. Services rendered by USAMC amounted to $4,018.91. After various payments, Bracy reduced the amount owed to $2,508.91. USAMC sued Bracy for the balance and after a trial in district court, an appeal was taken to the Mobile County Circuit Court for a trial de novo. USAMC claimed money owed on an open account or alternatively on an account stated. Bracy filed a general denial.
On April 19, 1984, a trial by jury was held and at the close of the plaintiff's case, the trial court granted Bracy's motion for a directed verdict. It was the opinion of the trial court in granting the motion that "there's a sworn affidavit putting in issue the necessity of these charges. And it's incumbent on the plaintiff to prove the necessity of the charge. And you (the plaintiff) have failed to do so." USAMC's post-trial motions were denied. They appeal, contending that the evidence was sufficient to establish an account stated.
Our review of a directed verdict is broad in scope. On appeal the appellate court must examine the record to see if there exists a scintilla of evidence to support the nonmoving party. Such a finding would render the directed verdict improper.Perdue v. Mitchell, 373 So.2d 650 (Ala. *Page 150 
1979). We must also view the evidence in a light most favorable to the nonmoving party. Herston v. Whitesell, 374 So.2d 267
(Ala. 1979).
Before reviewing the evidence, it will be helpful to discuss the law applicable to an account stated. An account stated is a post-transaction agreement. It is not founded on the original liability, but is a new agreement between parties to an original account that the statement of the account with the balance struck is correct and that the debtor will pay that amount. Martin v. Stoltenborg, 273 Ala. 456, 142 So.2d 257
(1962). It is as if a promissory note had been given for the balance due. Ingalls v. Ingalls Iron Works Co., 258 F.2d 750
(5th Cir. 1958).
A prima facie case on an account stated is made when the plaintiff proves (1) a statement of the account between the parties is balanced and rendered to the debtor: (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability. Ingalls v. Ingalls IronWorks Co., supra; Barber v. Martin, 240 Ala. 656, 200 So. 787
(1941). The debtor's admission to the correctness of the statement and to his liability thereon can be express or implied. An account rendered, and not objected to within reasonable time becomes an account stated, and failure to object will be regarded as an admission of correctness of the account. Home Federal Savings Loan Association v. Williams,276 Ala. 37, 158 So.2d 678 (1963); Joseph v. Southwark, 99 Ala. 47,10 So. 327 (1891). Once the plaintiff proves his prima facie case, the burden of proof shifts to the defendant. Barberv. Martin, supra.
In the case at bar, we find that USAMC has presented at least a scintilla of evidence proving an account stated. The testimony at trial showed that Bracy had incurred a debt of $4,018.91 while at USAMC. He made various payments between 1978 and 1982, reducing the balance to $2,508.91. This evidence alone supports the prima facie case of an account stated. The account balance was rendered to Bracy in 1978. He made payments on the bill for over four years, apparently without objection. Such acquiescence by Bracy may be construed to be an admission of correctness. His payments on the account may also be construed as an implied admission of liability.
Hence, the trial court's reference to the plaintiff's burden of proving the necessity of the services rendered would be irrelevant and an incorrect statement of the law if there was an account stated. The question of whether there was an account stated is for the jury. Ingalls v. Ingalls Iron Works Co.,supra.
We find that there was presented more than a scintilla of the existence of such an account. The trial court erred in giving the directed verdict.
Therefore, we are required to reverse the judgment of the trial court and to remand this case for a new trial.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.