574 So.2d 847 (1990)
DARE PRODUCTIONS, INC.
v.
ALABAMA, et al.
Civ. 7100.
Court of Civil Appeals of Alabama.
October 24, 1990.
On Return to Remand December 19, 1990.
*848 William J. Baxley and David McKnight of Baxley, Dillard & Dauphin, Birmingham, and Wade H. Baxley of Ramsey, Baxley & McDougle, Dothan, for Dare Productions, Inc.
Jere C. Segrest of Hardwick, Hause & Segrest, Dothan, for appellee Alabama.
James H. Harris III of Wyatt, Tarrant, Combs, Gilbert & Milom, Nashville, Tenn., for appellee Dale Morris.
ROBERTSON, Judge.
This appeal is from a final judgment based on a jury verdict in a contract action, in which the jury found in favor of the plaintiff and awarded $3,000 in compensatory damages. Following the judgment, plaintiff moved for a new trial or, in the alternative, for additur. The trial court denied the motion.
Although several arguments are enumerated on appeal, we omit a discussion of those issues pending the court's compliance with Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986).
It is possible for a jury verdict to be flawed if it is totally unsupported by the evidence or if it excludes a sum clearly recoverable as a matter of law. Hammond. Consequently, a trial court must "state for the record the factors considered in ... denying a motion for new trial based upon the alleged inadequacy of a jury verdict." Hammond. Further, when the trial court fails to state its reasons for refusing to interfere with the jury verdict, we are unable to properly discharge our appellate review function. AFT Trucking Co. v. Fisher Bros. Sales, 498 So.2d 846 (Ala.Civ. App.1986).
Here, we cannot ascertain from the record before us what factors the trial court might have considered when it denied plaintiff's motion for new trial.
Thus, we remand with directions to the trial court to enter an order on plaintiff's motion for new trial that is consistent with Hammond and to report its findings, either with or without an additional hearing, to this court within 28 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.

ON RETURN TO REMAND
ROBERTSON, Judge.
On October 24, 1990, this court remanded this cause to the circuit court for its consideration of the issue of inadequate damages, pursuant to Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986). We recognize that our supreme court in the case of Dependable Insurance Co. v. Kirkpatrick, 514 So.2d 804 (Ala.1987), held that the Hammond remand was not intended to apply to a damages award that is solely for compensatory damages, "where evidence to support the award is clearly in the record." Here, however, the record lacked clear evidence *849 to support the jury's damages award, which necessitated our remand of the case.
The trial court has since complied with our remand instructions and has refused to grant a new trial or to order an additur. After having examined the court's order on remand, we find that the court's refusal is due to be affirmed.
We now turn to the remaining issues on appeal.
Plaintiff in this case, Dare Productions, Inc., (previously known as Ken Cormier Productions), contracted with the singing group "Alabama" for the "video rights" to a particular concert that "Alabama" would be performing in Salem, Virginia. Dare Productions entered into this contract with "Alabama" through the group's agent, Dale Morris and Associates.
Following Dare Productions' taping of the Salem concert, it attempted to begin marketing the video tape. However, Dare's efforts were interrupted when it was notified that "Alabama" was under a contract with RCA, which RCA interpreted to prohibit Dare from marketing the video of the "Alabama" concert. Consequently, Dare filed this action against "Alabama" and Dale Morris and Associates, as well as Dale Morris individually, alleging breach of contract, fraud, and deceit. (Hereinafter, Dale Morris and Dale Morris and Associates will simply be referred to as Morris).
Following a jury trial, the trial court entered a directed verdict on the fraud and deceit counts. However, the jury returned a verdict in favor of Dare and against Morris in the amount of $3,000 on the contract claim. No judgment was entered against "Alabama."
On appeal, Dare asserts that the jury's verdict is inconsistent and due to be reversed, because the jury could not find liability on the part of the agent Morris and then not find liability on the part of the principal "Alabama".
We recognize that the general rule concerning agency is that when an agent, acting within his real or apparent authority, enters into a contract on behalf of the principal, then only the principal is bound and subject to suit on the contract. Davis v. Childers, 381 So.2d 200 (Ala.Civ.App. 1979), writ denied, 381 So.2d 202 (Ala. 1980). Thus, it would seem that the jury's verdict, which found Morris liable and did not find "Alabama" liable, is inconsistent.
However, it is also true that the question of agency is one for the jury, and both the existence and scope of the relationship is a question of fact. Calvert v. Casualty Reciprocal Exchange Insurance Co., 523 So.2d 361 (Ala.1988). Thus, we will not disturb a jury's findings on the existence or the scope of an agency relationship, unless those findings are palpably wrong, manifestly unjust or not supported by credible evidence. Pate v. T-Square, Inc., 545 So.2d 70 (Ala.Civ.App.1989).
The record indicates that there was a conflict in the testimony concerning the scope of the agency relationship in this case, and, as a result, we cannot find that it was error for the jury to limit liability to Morris.
Dare also asserts on appeal that the court erred to reversal by not allowing into evidence an indemnity agreement entered into by Morris with "Alabama". The agreement provided that Morris would hold "Alabama" harmless in the event that a judgment was entered in favor of the plaintiff Dare Productions.
We note that the jury in this case found against Morris and that the plaintiff Dare received a verdict in its favor. A plaintiff who wins a judgment at trial may present to us on appeal only those issues which concern the amount of damages the plaintiff recovered. Lartigue v. Fleming, 489 So.2d 583 (Ala.Civ.App.1986).
Dare asserts on appeal that the indemnity agreement should have been introduced into evidence because it would have established Morris's pecuniary interest in the outcome of the case and, consequently, would have impeached his testimony. Additionally, Dare asserts that the agreement should have been admitted because it was an admission of Morris's liability.
*850 However, the jury in this case found liability on the part of Morris and awarded damages to the plaintiff. Further, the existence of the indemnity agreement was not evidence which would have affected the jury's determination on the amount of the plaintiff's damages, and the very fact that Morris was a defendant in this case indicated his pecuniary interest in its outcome.
Thus, Dare has not shown how the trial court's excluding the indemnity agreement from evidence resulted in any injurious error, and we will not reverse. Lartigue. Likewise, Dare asserts that the introduction of certain other testimony amounted to reversible error. We have examined this testimony, and we cannot find that it resulted in any prejudice to the plaintiff which would require reversal. In fact, we note that this testimony also did not go to establishing damages. Thus, the trial court will not be put in error for admitting it. Lartigue.
Dare next asserts on appeal that the trial court erred in granting Morris's directed verdict motion on the fraud and deceit counts. Our review of the grant of Morris's directed verdict motion requires that we examine the evidence to see if a scintilla existed to support the nonmoving party. University of South Alabama v. Bracy, 466 So.2d 148 (Ala.Civ.App.1985). Further, we must view the evidence in a light most favorable to the nonmoving party, which in this case is Dare. Bracy.
We have examined the evidence in this case and fail to find evidence suggesting that Morris either made a false representation or suppressed any material fact concerning the "video rights" for which Dare contracted. Instead, the evidence simply established that a disagreement existed concerning the proper meaning of the term "video rights" and that said disagreement resulted in a breach of contract. Thus, we find that the trial court's grant of directed verdict on the fraud counts was not error.
Finally, Dare argues in the alternative that if we were to find that none of the above complained of errors necessitated reversal, that their cumulative effect mandated the grant of a new trial.
However, the denial of a motion for new trial is a decision committed to the sound discretion of the trial court and, consequently, will not be reversed on appeal unless a legal right was abused and the record plainly demonstrates error. Bekins Van Lines v. Beal, 418 So.2d 81 (Ala.1982). Thus, even though a trial judge may grant a new trial based on the cumulative effect of alleged errors, his decision to grant or deny is still a matter within his discretion. Beal.
Having carefully reviewed the record in this case and all the alleged errors asserted by Dare, we find that the trial court did not abuse its discretion in denying Dare's motion for new trial.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.