In September 1999, Linda J. Bell sued Helen Q. Greer and Mirtha Faye Baker, in the Montgomery Circuit Court, asserting claims of negligence and wantonness for injuries she allegedly sustained as a result of an automobile accident in which Greer and Baker were involved. Baker was subsequently dismissed from the action and Bell dropped the wantonness claim. On the remaining claim of negligence, the jury returned a verdict in favor of Greer. Bell filed a timely motion to alter, amend, or vacate the judgment in which she alternatively requested a new trial and sought to renew her motion for a judgment as a matter of law. After the trial court denied her postjudgment motion, Bell appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to § 12-2-7, Ala. Code 1975. We affirm. *Page 1017 
On September 26, 2000, Greer, after leaving work around 5:00 p.m., stopped at a red light. Just in front of Greer's vehicle was a vehicle being driven by Baker, one of Greer's coworkers. A third vehicle, driven by Bell, was directly in front of Baker. When the light turned green, all three vehicles proceeded through the intersection. As she was driving through the intersection, Greer looked down into her purse and, as she was doing so, her vehicle bumped Baker's vehicle from behind. Bell alleges that Baker's vehicle then bumped into her vehicle. At her request, Bell was transported by ambulance from the scene of the accident to the hospital.
Bell first argues that the jury's verdict was contrary to the weight of the evidence. Initially, we note that arguments that the jury's verdict is contrary to the great weight of the evidence are the most "carefully scrutinized or rigidly limited" grounds for reversal of a judgment on appeal. Christiansen v. Hall, 567 So.2d 1338, 1341 (Ala. 1990). Specifically, "[a] jury's verdict is presumed correct and will not be disturbed unless it is plainly erroneous or manifestly unjust." Dempseyv. Phelps, 700 So.2d 1340, 1342 (Ala. 1997). Moreover, this presumption of correctness is strengthened when a jury's verdict is coupled with the denial of a motion for a new trial. National Sec. Ins. Co. v. Donaldson,664 So.2d 871 (Ala. 1995). In addition, as our Supreme Court has explained, when reviewing a jury's verdict, this court must resolve any disputed facts in the prevailing party's favor and "must presume that the jury drew from the facts any reasonable inferences necessary to support its verdict." State Farm Auto. Ins. Co v. Morris, 612 So.2d 440, 443
(Ala. 1993). Therefore, we "`must review the record in a light most favorable to the appellee.'" Continental Cas. Ins. Co. v. McDonald,567 So.2d 1208, 1211 (Ala. 1990) (quoting Pate v. Sunset Funeral Home,465 So.2d 347, 350 (Ala. 1984)).
We conclude that the record in this case amply supports the jury's verdict. In describing the events giving rise to the action, Baker testified that the light had just changed, that she had only started moving forward when she saw brake lights, and that, when Bell's automobile came to a stop, Baker applied her vehicle's brakes. According to Baker, she then felt a "bump" as Greer's automobile contacted her own but did not feel a second impact from her car being pushed into Bell's vehicle. Baker also testified that, at the time of the incident, she did not believe that her automobile had struck Bell's automobile.
Greer testified that her vehicle was traveling extremely slowly when it bumped Baker's vehicle, that she was only easing through the intersection while driving uphill, and that the accident occurred before Greer's vehicle cleared the intersection. She also testified that she does not know whether Baker's vehicle struck Bell's vehicle. Moreover, Greer stated that she did not see any damage to Bell's automobile after the accident, and, during the trial, Greer introduced photographs taken after the accident that did not reveal any damage to either Bell's or Baker's vehicle. In fact, Greer's own vehicle suffered only minimal damage and did not even require repair work.
Bell testified that when Baker's automobile hit hers, it felt as if she had been hit in the back with a bat. She also stated that although she was wearing her seat belt, she was "slammed up into the dashboard." Despite that impact, however, Bell's automobile did not bump into any of the vehicles in front of her own. Bell also introduced earlier responses to interrogatories in which Baker had stated that Greer's vehicle had bumped her from behind, *Page 1018 
pushing her vehicle into Bell's vehicle. Furthermore, Bell stated that immediately after the alleged collision with her car, she felt a burning sensation in her neck, back, and face. Bell further testified that she spent three hours in the hospital where X-rays were taken and pain medication was subsequently prescribed.
Bell testified that after the accident, she began to experience uncontrollable movement in her arms and legs and that she could not sit or stand without suffering pain. After the accident, Bell was treated by several physicians. Dr. Tai Chung testified that Bell's MRI showed minimally bulging discs at C5-6 and an enlarged facet joint in her lumbar region. Dr. Chung also stated that bulging discs can occur without having been involved in an automobile collision and that the enlarged facet joint did not, in fact, result from the alleged collision. Another physician, Dr. David Herrick, stated that, although he believed that Bell was suffering from some lumbar nerve irritation, he could not say whether the injury arose from arthritis or from the enlarged facet joint. In addition, Dr. John Peden found no evidence of trauma or anything to suggest the need for surgery on Bell's neck or back. Moreover, a myelogram revealed that Bell suffered from bulging discs and spur formations, which, according to Dr. John Hackman, are degenerative or arthritic changes that occur over time. Although Dr. Hackman subsequently performed surgery on Bell's neck, he stated that he did not know whether Bell's symptoms were caused by the alleged automobile collision.
During the trial, Bell's earlier medical records were introduced; those records revealed that she had repeatedly complained of neck pain before the alleged collision. Bell testified, however, that she was unable to recall any pain before the collision; she admitted that she had suffered a muscle strain as a result of automobile accidents in 1991 and 1992, but stated that she did not recall the pain lingering through the following years. In addition, Bell introduced an invoice from an automobile repair business in the amount of $976, which she claimed was for damage to her vehicle that resulted from the alleged collision. None of the alleged damage to Bell's vehicle, including an alleged crack in a taillight cover, appear in the photographs produced at trial. Bell's testimony was the only evidence offered to prove that the repair bill was related to the alleged collision of September 1997.
It is the jury's responsibility, not this court's, "to determine the credibility of the evidence, to resolve conflicts therein, to find the facts, and to express its findings in its verdict." Jones v. Baltazar,658 So.2d 420, 422 (Ala. 1995). Greer, Baker, and Bell gave conflicting testimony regarding whether an accident involving Bell's vehicle actually occurred. It was clearly the province of the jury to examine this testimony, giving such weight to each witness's statement as it deserved, and then to find the facts from that testimony. Apparently, the jury determined that Baker's automobile did not collide with Bell's automobile or that Bell no suffered personal injuries or other damage as a result of the alleged collision.
Bell also contends that the trial court erred by not granting her postjudgment motion to alter, amend, or vacate the judgment or, in the alternative, for a new trial. The grant or denial of a postjudgment motion rests within the sound discretion of the trial court. FlagstarEnters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala. 2000); Dare Prods.,Inc. v. Alabama, 574 So.2d 847, 850 (Ala.Civ.App. 1990). Therefore, the trial court's ruling "will not be reversed on appeal unless a legal right was abused and the record plainly [and *Page 1019 
palpably] demonstrates error." Dare Productions, 574 So.2d at 850; seealso Jones v. Baltazar, 658 So.2d 420, 421 (Ala. 1995). The jury's finding that Bell did not carry her burden of proving negligence is supported by the evidence in the record; therefore, the trial court did not abuse its discretion in denying Bell's postjudgment motion requesting a new trial.
Bell also argues that the trial court erred by not granting her a hearing on her postjudgment motion. According to Rule 59(g), Ala.R.Civ.P., postjudgment motions "shall not be ruled upon until the parties have had opportunity to be heard thereon." Rule 59(g), however, has not been interpreted to require a hearing in all cases. Our Supreme Court has established that
 "the denial of a postjudgment motion without a hearing thereon is harmless error, where (1) there is either no probable merit in the grounds asserted in the motion, or (2) the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court."
Historic Blakely Authority v. Williams, 675 So.2d 350, 352 (Ala. 1995). In the present case, we cannot say that there was probable merit in the grounds asserted in Bell's postjudgment motion. Therefore, the trial court's failure to hold a hearing as required by Rule 59(g), Ala.R.Civ.P., constituted harmless error.
Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
Yates, P.J., and Crawley, Thompson, and Pittman, JJ., concur.