*1155
On Application for Rehearing

THOMAS, Judge.
This court’s opinion of March 11, 2016, is withdrawn, and the following is substituted therefor.
This appeal arises from a summary-judgment in favor of Midland Funding, LLC (“Midland”), in an action against Leslie Cook in which Midland sought to recover $16,083.09 allegedly due on a credit account. The facts in the record on appeal indicate the following. Cook opened a credit-card account (“the account”) with Chase Bank, USA, N.A. (“Chase”), in 1995. The last purchase on the account was made in July 2008, and the last payment on the account was remitted on December 22, 2009. Thereafter, Cook allegedly failed to remit to Chase the balance due on the account ($16,083.09), Chase charged off the account, and Midland purchased from Chase a pool of charged-off accounts, which, according to Midland, included the account.
On October 17, 2013, Midland filed a complaint in the Etowah Circuit Court seeking to recover $16,083.09 from Cook. Midland asserted two causes of action: breach of contract and account stated. On November 20, 2013, Midland filed a motion seeking a default judgment in its favor, and Midland supported its motion with the affidavits of Erin Hale, an employee of Midland Credit Management, Inc. (“MCM”), the company that services Midland’s accounts, and Chiahua Mixon, an employee of Chase, and with certain redacted documents and billing statements, attached to the affidavits as exhibits, intended to demonstrate that Midland had purchased a number of accounts, including the account, from Chase in 2011. Among the documents filed in support of its motion, Midland included a generic credit-card application. The circuit court entered a default judgment in favor of Midland on November 20, 2013.
On December 17, 2013, Cook filed a motion seeking to set aside the default judgment in which he admitted that he had been served with the summons and complaint and that he had failed to file an answer in the circuit court, but, he asserted, he had served a timely answer on Midland. The circuit court entered an order setting aside the default judgment.
On February 18, 2014, Midland filed a motion seeking a summary judgment in which it argued that no issues of material fact existed. Cook filed an answer in which he denied Midland’s allegations and asserted various defenses. Thereafter Cook filed a summary-judgment motion. Among other things, Cook argued that Midland had failed to produce his credit-card application or any contract or agreement between Cook and Chase or between Cook and Midland; thus, according to Cook, Midland lacked “standing” to pursue its claims.[1] Cook attached to his motion his own affidavit in which he testified that he had never entered into a contract with Midland and that he did not owe any debt to Midland. Cook also filed a motion to strike the affidavits of Hale and Mixon along with the redacted documents and billing statements submitted with their affidavits. According to Cook, the affidavit testimony was “meaningless” or “defective” because neither Hale nor Mixon had personal knowledge regarding the account.
A two-day motion hearing was held on August 13, 2014, and February 2, 2015, at which the circuit court heard arguments of *1156 counsel. On February 13, 2015, the circuit court entered a summary judgment in favor of Midland and denied Cook’s motion for a summary judgment. It awarded Midland damages in the amount of $16,083.09, and it denied Cook’s motion to strike. Cook filed a timely postjudgment motion, which the circuit court denied on May 15, 2015, after a hearing. Cook filed a timely notice of appeal on June 26, 2015.
“ ‘In reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden then shifts to the nonmov-ant to present substantial evidence creating an issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).’
“Mantiply v. Mantiply, 951 So.2d 638, 643 (Ala.2006).”
Stacey v. Peed, 142 So.3d 529, 530-31 (Ala.2013).
Cook complains that the circuit court erred by failing to strike the affidavits of Hale and Mixon, that the circuit court erred by denying his motion for a summary judgment[2] regarding one of Midland’s claims based upon his argument that the applicable statute-of-limitations period had expired, and that the circuit court erred by entering a summary judgment in favor of Midland on its breach-of-contract claim or its account-stated claim.
Cook contends that the affidavits of Hale and Mixon, which were submitted in support of Midland’s motion for a summary judgment, were insufficient and, thus, due to be struck. According to Cook, the affidavits failed to comply with the mandates of Rule 56(e), Ala. R. Civ. P., which requires, in pertinent part, the following:
“Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.”
Specifically, according to Cook, the affidavits were not based upon personal knowledge. The affidavit of Hale is as follows:
“1. I am employed as a Legal Specialist and have access to pertinent account records for [MCM], servicer of this account on behalf of [Midland]. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those *1157 account records maintained on [Midland^ behalf. [Midland] is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to [the account]. I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on [Midland]’s behalf.
“2. I am familiar with and trained on the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:
“3. MCM’s records show that [Cook] owed a balance of $16,083.09 as of 2013-10-18.
“4. If called to testify as a witness thereon, I could and would competently testify as to all the facts stated herein.”
The affidavit of Mixon, the employee of Chase, is as follows:
“I am over 18 and not a party to this action. I am authorized by [Chase] to execute this affidavit. In my position, I am aware of the process of the sale and assignment of electronically stored business records.
“On or about 3/9/2011, [Chase] sold a pool of charged-off accounts (the ‘Accounts’) to [Midland] under a Purchase and Sale Agreement and a Bill of Sale between [Midland] and Chase. As part of such sale, electronic records and other records on individual accounts included in the Accounts were transferred to [Midland]. These records were kept in the ordinary course of business of Chase.
“I am not aware of any errors in the Accounts. The above statements are true to the best of my knowledge.”
Hale and Mixon each asserted that they had personal knowledge of certain admissible facts to which they were competent to testify, and they attached to their affidavits exhibits intended to support their testimony.
“In [real Coal, Inc. v. Thompson Tractor Co., 379 So.2d 1249 (Ala.1980),] the plaintiff sued to recover money owed on open account and on equipment rental agreements. The plaintiffs motion for summary judgment was supported by the affidavit of its vice president for finance. In his affidavit, the vice president referred to certain exhibits (invoice dates, invoice numbers, invoice amounts, and copies of guaranties executed by one of the individual defendants for the corporate defendants’ debts) and then ‘vouched for’ these documents as reflecting the sums owed by the defendants. The Real Coal Court held:
“ ‘[The vice president] himself verified the exhibits as accurately reflecting the sums owed: “I have personally reviewed the books and records of the company with respect to the obligations of the defendants to the plaintiff and have caused the attached exhibits to be prepared to reflect the items which comprise each account.” Rule 56(e) was satisfied, in that the affidavit set forth facts “as would be admissible in evidence” and showed that [the vice president] was “competent to testify to the matters stated therein.” ’
“Real Coal, supra, 379 So.2d 1250.
*1158 “The Real Coal Court went on to hold that although the exhibits in support of the vice president’s affidavit were not of the ‘self proving’ type (see, e.g., Ala. Code 1975, § 12-21-111), ‘nevertheless, on motion for summary judgment they could be considered together with [the vice president’s] sworn statement to determine them admissibility.’ Id.”
Ex parte Head, 572 So.2d 1276, 1280-81 (Ala.1990).
In this case, we similarly conclude that the affidavits of Hale and Mixon complied with Rule 56(e). Hale and Mixon each testified, generally, that they had personal knowledge of and the authority to maintain the business records attached to their respective affidavits; thus, the sworn statements of Hale and Mixon and the exhibits attached to their affidavits were properly considered by the circuit court.
Next, Cook contends that one of Midland’s claims should be considered to be a claim on an open account subject to the three-year statute of limitations provided by § 6-2-37, Ala.Code 1975, rather than on an account stated subject to the six-year statute of limitations provided by § 6-2-34, Ala.Code 1975. However, Cook does not have the ability to recast Midland’s account-stated claim as an open-account claim so as to benefit from the shorter statute-of-limitations period applicable to such a claim because, generally, “[e]ach plaintiff is the ‘ “master of [its own] complaint.” ’ ” Ex parte Sundy, 164 So.3d 1089, 1093 (Ala.2014)(quoting Ex parte J.E. Estes Wood Co., 42 So.3d 104, 111 (Ala.2010), quoting in turn Noland Health Servs., Inc. v. Wright, 971 So.2d 681, 693 (Ala.2007)(See, J., dissenting)).
A six-year statute of limitations is applied to claims on an account stated and for actions based on a contract. See § 6-2-34(5) and (9), AIa.Code 1975. Thus, Cook has not demonstrated that the circuit court erred by declining to enter a summary judgment in Cook’s favor based upon its apparent conclusion that the applicable statute of limitations had not expired before Midland filed its complaint.
Finally, Cook contends that the circuit court erred by entering a summary judgment in favor of Midland on its breach-of-contract claim or on its account-stated claim. The circuit court did not indicate whether it had entered the summary judgment based upon its determination that Cook was liable for damages for breach of contract, account stated, or both; thus, in order to determine the propriety of a summary judgment on each cause of action, we must review the summary-judgment evidence to see whether it establishes genuine issues of material fact.[3]
A summary judgment in favor of Midland on the breach-of-contract claim would be appropriate if there existed no genuine issues of material fact regarding the basic elements of a contract, which are: “‘an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement.’ ” Stacey, 142 *1159 So.3d at 531 (quoting Hargrove v. Tree of Life Christian Day Care Ctr., 699 So.2d 1242, 1247 (Ala.1997)). As evidence indicating the existence of a contract, Midland filed the affidavit of Hale with certain documents attached. In his answer and summary-judgment motion, Cook asserted that Midland had failed to present a valid contract because, according to Cook, no contract existed. Cook also filed his own affidavit in which he testified that he had not entered into a contract with Midland. A review of the record demonstrates that Midland failed to present a valid contract; therefore, assuming that it did so, the circuit court erred by entering a summary judgment in favor of Midland on its breach-of-contract claim.
A summary judgment in favor of Midland on Midland’s account-stated claim would be appropriate if there existed no genuine issues of material fact regarding the elements of an account-stated claim. An account stated is a running account between parties of a kind described in Ayers v. Cavalry SVP I, LLC, 876 So.2d 474, 477 (Ala.Civ.App.2003). To establish an account stated, at a certain point the creditor renders to the debtor a statement of an account of the outstanding balance and the debtor admits the correctness of the statement regarding the debt. The rendering of the account statement and the acceptance by the debtor of the correctness of the statement rendered forms a new contract. Ayers, 876 So.2d at 477 (quoting University of South Alabama v. Bracy, 466 So.2d 148, 150 (Ala.Civ.App.1985))(“ ‘An account stated is a post-transaction agreement. It is not founded on the original liability, but is a new agreement between parties to an original account that the statement of the account with the balance struck is correct and that the debtor will pay that amount. It is as if a promissory note had been given for the balance due.’ ”).
Midland claimed that no genuine issues of material fact existed regarding its account-stated claim. Cook, in his answer and in his summary-judgment motion, asserted that Midland had failed to provide evidence demonstrating “balancing and rendering,” a meeting of the minds, or Cook’s admission of liability to Midland in a “new contract.” In his affidavit, Cook testified that he did not owe $16,083.09 to Midland. Midland denied the assertions made in Cook’s affidavit; however, Midland neither provided a copy of a new agreement to the circuit court nor claimed, as it has on appeal, that it was not required to so. Midland argues in its brief:
“[T]he ‘meeting of the minds’ as to the stated account is implied by Cook’s failure to object to the final statement of the account, as rendered [by Chase]. Hence, that constitutes a ‘new post-transaction agreement,’ and Midland was not required to put forth as evidence of some other agreement.”
Midland does not point this court to any authority for its assertion; however, our research has revealed the following guidance on implied agreements on an account stated.
In University of South Alabama v. Bracy, 466 So.2d 148, 150 (Ala.Civ.App.1985), we concluded that a “debtor’s admission to the correctness of the statement and to his liability thereon can be express or implied.” See also In re Templeton, 538 B.R. 578, 583 (Bankr.N.D.Ala.2015)(“An account rendered, and not objected to within reasonable time becomes an account stated, and failure to object will be regarded as an admission of correctness of the account.”). The plaintiff in Bracy had presented evidence indicating that Bracy had incurred a debt and that he had made payments on that debt for four years without objection. *1160 466 So.2d at 150. We concluded that Bra-cks payments on the account amounted to an implied admission of liability. Id.
Although the facts of Bracy are distinguishable from the facts of this case, we conclude that a summary judgment on Midland’s account-stated claim is not appropriate because genuine issues of material fact regarding the elements of an account-stated claim exist. Therefore, assuming it did so, the circuit court erred by entering a summary judgment in favor of Midland on the account-stated claim.
In conclusion, the circuit court did not err by failing to grant Cook’s motion to strike the affidavits of Hale and Mixon, and the circuit court properly denied Cook’s motion for a summary judgment in his favor based upon his argument that the applicable statute of limitations had expired before Midland filed its complaint. The summary judgment entered in favor of Midland on Midland’s motion is reversed and the cause is remanded for further proceedings.
APPLICATION GRANTED; OPINION OF MARCH 11, 2016, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Cook’s argument was actually that Midland had failed to present sufficient evidence to support each essential element of its claims.

. Rule 4(a)(1), Ala. R.App. P., provides for appellate review of adverse rulings, including tile denial of a summary-judgment motion, in an appeal from a pretrial final judgment disposing of all claims in the case, see Lloyd Noland Found., Inc. v. City of Fairfield Healthcare Auth., 837 So.2d 253, 263 (Ala.2002); thus, we may review the denial of Cook's motion for a summary judgment.

. Arguably, the breach-of-contract claim was either rejected by the circuit court or abandoned by Midland on the second day of the motion hearing during a discussion regarding the appropriate statute-of-limitations period:
“THE COURT: Do you have the initial contract or not? Other than you have got a duplicate?
"Midland’s Attorney: It would be a duplicate, Your Honor.
"THE COURT: So the only thing you are relying upon then for me is the account stated?
"Midland’s Attorney: It would be account stated, but the account stated is showing the amount that is due.
"THE COURT: I understand.
"Midland's Attorney: So yes. Your Honor. With the balance that’s being claimed.”