MOORE, Judge.
This appeal arises from a judgment entered by the Jefferson Circuit Court (“the trial court”) divorcing Wadena Pyatt Sims (“the wife”) and Randy Lee Sims (“the husband”).
Background
The record shows that the husband filed' a complaint for a divorce on September 25, 2015. On September 30,2015, the wife filed a letter with the trial court requesting time to retain counsel to respond to the complaint. On October 13, 2015, the wife, acting pro se, filed an answer to the complaint, which she later amended on November 10, 2015, by, among other things, adding a counterclaim seeking a divorce or an annulment. Thereafter, the trial court set several motions filed by the wife for a hearing on November 18, 2015. On November 10,2015, the wife moved the trial court to continue the November 18, 2015, hearing based on her alleged medical issues. On November 12, 2015, the husband filed a motion to set the case for trial. By an order entered on November 13, 2015, the trial court granted the wife’s motion to continue the hearing on her motions and the husband’s motion by setting the trial and the hearing on the wife’s pending motions for December 14, 2015. On December 9, 2015, the wife filed a motion to disqualify the husband’s attorney, to compel discovery, to obtain pendente lite attorney’s fees, and to continue the trial date. The trial court ordered that those motions would be heard on December 14, 2015, the date scheduled for trial.
On December 14, 2015, the wife did not appear at the scheduled trial. The husband appeared along with his counsel. The trial court subsequently entered a final judgment divorcing the parties and dividing their property.[1] The trial court indicated that it was entering the divorce judgment *771 based, in part, on ore tenus testimony. The record does not contain a transcript of the ore tenus testimony that was presented. On December 16, 2015, the trial court denied all pending motions not otherwise adjudicated by the divorce judgment. The wife filed a timely postjudgment motion, which the trial court denied on February 11,2016. The wife timely appealed.
Discussion
The wife first argues that the trial court lacked jurisdiction to enter the divorce judgment. The wife premises this argument on the alleged lack of proper service upon her,[2] which was originally attempted, fraudulently the wife contends, via publication. In her letter to the trial court dated September 30, 2015, the wife indicated that she had given the husband her service address, objected to service by publication, and moved the court to dismiss the complaint. However, on October 13, 2015, the wife filed an answer, which she later amended on November 10, 2015, in which she omitted any objection to lack of service. The wife also filed discovery and numerous motions in the trial court. “ ‘[I]f a defendant intends to rely on want of jurisdiction over his [or her] person, he [or she] must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court. An appearance for any other purpose is usually considered general.’” R.M. v. Elmore Cty. Dep’t of Human Res., 75 So.3d 1195, 1200 (Ala.Civ.App.2011) (quoting Persons v. Summers, 274 Ala. 673, 681, 151 So.2d 210, 215 (1963)). A general appearance acts as a waiver of any defense of lack of personal jurisdiction, including any defense of improper service. See Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So.2d 45 (Ala.2003). Thus, the wife waived any objection to lack o'f proper service, by publication or otherwise, and cannot now claim on appeal that the divorce judgment is void based on lack of personal jurisdiction. See C.M. v. Madison Cty. Dep’t of Human Res., 133 So.3d 890 (Ala.Civ.App.2013). Accordingly, any error the trial court may have committed in authorizing service by publication would be considered harmless error. See Rule 45, Ala. R. App. P.
The wife next argues that the divorce judgment is void because it was entered in a manner inconsistent with due process. See Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 641 (Ala. 2003). The wife initially complains that the husband’s attorney did not inform her of the trial date, but, if that assertion is true, that would not amount to a violation of due process. See Ex parte Weeks, 611 So.2d 259, 262 (Ala.Civ.App.1992). The wife also asserts that the clerk of the trial court assumed the responsibility to notify her of the trial date and that the clerk negligently failed to do so, which, if true, would constitute a violation of due process. Id. However, we do not address that contention because the record shows that on December 9, 2015, the wife filed a motion to continue the December 14, 2015, trial date, evidencing that she had actual knowledge of the date on which the trial had been scheduled. In light óf her admission that she knew of the trial date at least five days' beforehand, the wife cánnot validly assert lack of notice of the trial date or that the divorce judgment was entered without giving her notice and an opportunity to be heard.
The wife next argues that the trial court erred in entering a default judgment against her. See note 1, supra. We *772 note, however, that the wife does not cite any authority on this issue; particularly, the wife has failed to include a discussion of the factors discussed in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600, 604 (Ala.1988), which sets out the procedure a trial court should follow when deciding whether to set aside a default judgment. It is well settled that an appellate court
“will not ‘create legal arguments for a party based on undelineated general propositions unsupported by authority or argument.’ Spradlin v. Spradlin, 601 So.2d 76, 79 (Ala.1992). Further, it is well settled that ‘ “[w]here an appellant fails to cite any authority for ah argument, this Court may affirm the judgment as to those issues, for it is neither this Court’s duty nor its function to perform all the legal research for an appellant.” ’ Spradlin v. Birmingham Airport Auth., 613 So.2d 347, 348 (Ala.1993) (quoting Sea Calm Shipping Co., S.A. v. Cooks, 565- So.2d 212, 216 (Ala.1990)).”
Allsopp v. Bolding, 86 So.3d 952, 960 (Ala. 2011). Accordingly, we decline to consider this issue.
The wife also argues that the trial court erred in denying her motion to set aside the divorce judgment based on the alleged defect in service and lack of notice of the trial date. We have already decided that the judgment was not void based on lack of service or lack of notice. Thus, we conclude that the trial court did not exceed its discretion in denying the wife’s postjudgment motion based on those same grounds. See Bell v. Greer, 853 So.2d 1015, 1018-19 (Ala.Civ.App.2003) (“The grant or denial of a ’ postjudgment motion rests within the sound discretion of the trial court.-... [T]he trial court’s ruling ‘will not be reversed on appeal' unless a legal right was abused and. the-record plainly [and palpably] demonstrates error.’” (quoting Dare Prods., Inc. v. Alabama, 574 So.2d 847, 850 (Ala.Civ.App.1990))). Lastly, we do not address the wife’s contention that the trial court exceeded its discretion in denying the wife’s motion to vacate, the divorce judgment based on newly- discovered evidence because the wife has not supported that contention with citation to any legal authority. See Rule 28, Ala. R. App. P.[3]
- For-the foregoing reasons, the judgment of the trial court is affirmed.[4]
AFFIRMED.
Thompson, P.J., and Pittman, Thomas, • and Donaldson, JJ., concur.

. As discussed later in this opinion, because the wife had notice of the trial date, submitted to the trial court’s jurisdiction, and failed to appear and defend at the trial, the trial court's judgment is properly construed as a default judgment. See Triple D Trucking, Inc. v. Tri Sands, Inc., 840 So.2d 869, 871 n. 2 (Ala. 2002); and Austin v. Austin, 159 So.3d 753, 756 n. 2 (Ala.Civ.App.2013).

. We note that lack of proper service affects the jurisdiction of the trial court over the person, and not the court’s subject-matter jurisdiction, the latter of which may not be waived. See L.V. v. I.H., 123 So.3d 954, 958 (Ala.Civ.App.2013).

,. The wife raises other arguments, in her appellate brief relating to the trial court's interlocutory rulings on discovery1 and other motions that she filed. We likewise do not address those arguments because they are not supported by citation to any legal authority.

. In addressing the issues raised in this appeal, this court has considered only the evidence presented in the certified record ‘ on appeal.